No. 540

First Circuit

MARTIN, SR., v. LOUISIANA PUBLIC UTILITIES CO., INC.

(April 14, 1930.   Opinion and Decree.)

S. I. Foster, of Leesville, attorney for plaintiff, appellant.

Thompson & Ferguson, of Leesville, attorneys for defendant, appellee.

LeBLANC, J. The plaintiff has predicated his cause of action on the theory that he has acquired by prescription the servitude of draining the refuse water from his private residence through a sewer that is presently being operated and maintained by the defendant in the town of Leesville.

Briefly stated as possible, the facts which gave rise to this litigation are as follows:

More than twenty years ago the corporation owning and operating a sawmill in Leesville, also controlling the stock of the Leesville Light & Water Works Co., Ltd., constructed a sewer system under the streets of that part of town inhabited by its employees. In establishing this system of sewerage, they seem to have been actuated from a consideration of the good health and convenience of their employees. Those residents of that part of the town who were not their employees, or who did not occupy residences belonging to the company, were permitted to connect with the sewer, and a monthly charge of 50 cents was exacted from them for lavatory water service. The plaintiff, one of those who owned and occupied his own residence, was allowed to connect his drain pipe with the system. He alleges that this was done under a verbal agreement, not to pay a monthly charge but, on the contrary, free of any charge as long as he performed and carried out his contract to purchase water of the Leesville Light & Water Works Co., Ltd.

It may be mentioned here that the president of the Leesville Light & Water Works Co., Ltd., denies that his company had any special agreement with the plaintiff, but that he used the service on the same basis as every one else did.

In 1925 the Leesville Light & Water Works Co., Ltd., sold its entire properties including its franchise with the town to one S. R. Morgan, who in turn sold it all, with the exception of the sewer system, to the defendant. Morgan attempted to operate the system but must not have done so successfully, as in June, 1927, he permitted it to be sold for taxes due on it for the year 1926. At the tax sale on June 3,

1927, the defendant was the purchaser for the sum of $273.21, this being the amount of the taxes due plus the ordinary and usual costs and expenses. The defendant then began negotiations with the town counsel and, as it particularly did not wish to operate the system, offered to donate it to the town. The offer was kept open for six months, after which period the town, having definitely decided that it would not accept, granted the defendant a franchise to operate the system under the provisions of which it was permitted to make a monthly minimum charge of $1.25 for every sewerage connection. It was upon the refusal by plaintiff to pay this charge that the defendant disconnected his pipe with the sewer, whereupon this suit was instituted to compel the restoration of the service and its maintenance without charge and, coupled with this, a demand for damages in the sum of $500.

The lower court rejected the plaintiff's demands, and he has appealed.

No written reasons were assigned by the district judge. In his brief, plaintiff's counsel states that he was not present in court when judgment was rendered but was informed that the suit was dismissed by the trial judge because he found that the servitude being claimed was a non-apparent servitude which could be established only by title, and could not be acquired by immemorial possession. Civ. Code, art. 766. Plaintiff, of course, had contended, as he does here, that the servitude he claims is apparent and had been acquired by possession of more than ten years. Civ. Code, art. 765.

If the plaintiff enjoyed any servitude whatever, we are inclined to the opinion that it is an apparent servitude susceptible of being acquired by ten years or more possession. Civ. Code, art. 728, defines apparent servitudes as "such as are to be perceivable by exterior works" and cites an aqueduct as being an example of one. In the sense that they are both water conduits, an aqueduct and a sewer may be said to be much .the same as far as their construction is concerned. Indeed, the Civil Code in article 860, although in a different title, having occasion to refer to works and constructions of this kind, uses the term "sewer or aqueducts" as convertible or equivalent to each other. But the more serious problem which confronts the plaintiff is whether, under his own pleadings, he has any servitude at all.

"A real or predial servitude is a charge laid on an estate for the use and utility of another estate belonging to another owner." Civ. Code, art. 647.

Having that definition before us, let us consider the allegations of plaintiff's petition upon which he claims to have a servitude.

In article 7, he alleges that approximately eighteen years ago he entered into a contract with the Leesville Light & Water Co., Ltd., "to purchase water at a stipulated price per opening furnished to his residence and premises and that as a part— a material part of that agreement the Leesville Light & Water Works Co., Ltd., placed in the street passing his property its sewer line for the purpose of affording a drain and waste way for the water and sewerage from plaintiff's property." He further alleges his compliance with the contract for the purchase of the water.

These allegations do not strike us as disclosing a contract which imposed a charge or burden on the property of the Leesville Light & Water Works Co., Ltd., for the use and benefits of the plaintiff's property. They impress us rather as setting out a rental agreement between the

184

parties for the use of the sewer, the consideration being the purchase of water by the plaintiff from the Leesville Light & Water Works Co., Ltd., at a stipulated price per opening. Every essential element of the contract of lease is to be found in their agreement. Under the provisions of article 2678, Rev. Civ. Code:

"All corporeal things are susceptible of being let out, movable as well as immovable * * *."

Therefore, this sewer was a thing susceptible of being leased. Then there was the stipulated price to be paid, and finally the duration fixed by the parties to be for a period as long as the plaintiff purchased water from the Leesville Light & Water Works Co., Ltd. Civ. Code, art. 2684.

The contract was a verbal one, and therefore not recorded. There is nothing in the record, except plaintiff's allegations, to show that the defendant or its vendor had any knowledge of it, and much less, assumed any obligation under it. The evidence tends rather to refute such allegations.

It is plain that under such contract if plaintiff had discontinued payment even after twenty or thirty years of enjoyment, he could not have maintained his right by prescription as "he can not change by his own act the nature and the origin of his possession." If his possession is founded on a contract of lease, he always possesses "by the same title, and can not prescribe by any length of time." Civ. Code, art. 3514.

Defendant had filed an exception of no cause of action which might properly have been sustained, but, as the result on the trial of the case rather strengthens us in the views we take of the matter, we will dispose of it by rejecting plaintiff's demands on the merit.