## LANCASTER v. JORDAN AUTO CO.

### DENHAM et al. v. SAME.

#### No. 9549.

Circuit Court of Appeals, Fifth Circuit.

Aug. 15, 1941.

Rehearing Denied Oct. 13, 1941.

John D. Miller, of New Orleans, La., and Chas. F. Engle, of Natchez, Miss., for appellants.

A. A. Chaney and J. H. Culkin, both of Vicksburg, Miss., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

These two suits, brought to recover damages for personal injuries, caused by an automobile accident, were consolidated and tried together. The jury was waived and judgment was entered in favor of defendant, conformably to findings of facts and conclusions of law made by the District Court. There was undisputed evidence as follows:

Some time in December, 1936, Otto Lancaster, a citizen of Louisiana, husband of plaintiff in one suit, made a contract with Jordan Auto Co., a Mississippi corporation, for the purchase of a new Chevrolet automobile, turning in his old car in part payment for which he received a credit of $500. The kind of car he wanted had to be ordered from the factory. The Jordan Company allowed him to retain and use his car until January 10, 1937, when it furnished him with another car to be used in the interval, awaiting the delivery of the new car. On February 19, 1937, Mrs. Lancaster was driving the car so furnished on the public road near Ferriday, La. With her were her three small children, aged 2, 4 and 6 years, and Mary Jean Denham, about 6 years old, the child of plaintiffs in the other suit. Mrs. Lancaster was driving behind a truck, on the right side of the road but was going faster and intended to pass the truck. As she started to do so she saw a car coming from the other direction. She applied her brakes and her car swerved sharply to the left, practically across the road. The driver of the other car had taken his eyes off the road while he turned to wave to the driver of the truck and did not see her until the collision, which wrecked the Lancaster car, was unavoidable. As a result of the accident Mrs. Lancaster was seriously injured. Her three children were also injured and the Denham child was so badly injured she died.

The contention of appellants is that the car had been turned over to Lancaster by the auto company under a contract of lease and the proximate cause of the accident was the defective condition of the brakes, which caused the brake on the left wheel to jam when it was applied and the car became uncontrollable. As to this it is contended the defective condition of the brakes was caused by the failure to replace the grease retainers on the wheels with others. It is conceded the case is governed by the law of Louisiana.

Since appellants challenge the findings of facts by the District Court, except as to those above stated, we have carefully examined the record. The evidence therein supports the following conclusions as to the material facts. The car had been loaned to Lancaster by the Jordan Company. It had been inspected by a competent mechanic who carefully adjusted all the brakes and placed the car in a reasonably safe condition. After that it was driven about 3,000 to 4,000 miles without any trouble developing. It was not further inspected before it was turned over to Lancaster. The grease retainers were not replaced but the mechanic who inspected the car packed the hubs with grease, leaving in the grease retainers, and there was nothing to indicate the grease retainers were worn or needed replacing. The car was safely used by Lancaster and his wife from the time he received it until the accident, about 40 days. There was nothing to indicate to Lancaster nor to charge the defendant with knowledge that there was anything wrong with the brakes. The only think that was noticeable was a rumbling noise and trouble in taking the ignition key out. Lancaster called this to the attention of an agent of the auto company, Cobb. Cobb drove the car for some thirty minutes or more and brought it back to Lancaster and told him he thought it was a bearing and if it gave any trouble to take it to Ferriday Auto Co. and have the mechanic there look at it. There was no other complaint about the car and Lancaster did not take it to the Ferriday Auto Co.

As to the cause of the accident the Judge found as follows: The rumbling noise and the ignition key did not remotely contribute to the wreck. He found that the road was slippery and wet and that it was misting at the time and that the crossing over or moving to the left hand side of the road was due to the slippery condition of the road and the sudden application of the brakes and was not due to defective brakes. We consider these findings are supported by a clear preponderance of the evidence.

As a matter of law, the District Court concluded: that the relationship between the parties was one of bailment for mutual benefit; that defendant owed plaintiff the duty to exercise a high degree of care to furnish a reasonably safe chattel; that defendant was not an insurer or a warrantor; that defendant did exercise a high degree of care and did furnish an automobile in a reasonably safe condition; and that plaintiff had failed to meet the burden of showing by a preponderance of evidence that the proximate cause of the injuries was the result of negligence of the defendant.

Appellants strongly argue that the District Court has erroneously rested his decision on the law of bailment and has not considered the law of Louisiana. Bailment is not mentioned in the Louisiana statutes but its principles are to be found in various articles of the Louisiana codes. It is immaterial that the District Court used the common law instead of the civil law terms in writing his conclusions of law. It was not error to do so.

In support of the contention that the agreement between Lancaster and Jordan Auto Company was a contract of lease, appellants cite only Martin v. Louisiana Public Utilities Co., 13 La.App. 181, 127 So. 470. In that case it appears appellant's premises for about 20 years had been connected with a sewerage system in the town of Leesville. He alleged that by a verbal agreement he was not to pay anything for this privilege. Others paid 50¢ a month. The sewerage system was acquired by appellee and that company exacted a monthly charge of $1.50. He refused to pay this, contending he had acquired a servitude (easement at common law) by prescription. The Court ruled against him, holding the agreement was in the nature of a lease. The case is not in point as applied to the facts in this case.

An essential condition in a contract of lease is a fixed sum to be paid as rent. La. Civil Code, Arts. 2669, 2670. Loans are dealt with in Title 12, La. Civil Code, art. 2891 et seq. Loans are gratuitous. Art. 2894. In a loan for use, if the thing lent has defects that may occasion injury to the person who uses it, the lender

914

is answerable for the consequences, if he knew the defects and did not apprise the borrower of them. Art. 2909. This is substantially the same as the obligation of a bailor where the bailment is gratuitous. 6 Am.Jur. 286, "Bailments" § 193. It may be assumed the lending of the car was an accommodation to both parties but the Jordan Company did not intend to charge for its use and it would be unreasonable to say payment for its use was included in the price of the new car. We conclude that the transaction was a loan under the law of Louisiana. The Jordan Company did not know of any defects in the car. It is not shown any existed. There was no breach of duty on the part of appellee.

The record shows no reversible error.

The judgments are affirmed.