MACHT ET AL. *v.* HECHT CO.
SETTLE *v.* HECHT CO.
HECHT CO. *v.* MACHT ET AL.

[No. 199, October Term, 1947.]

*Decided June 17, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Frederick H. Hennighausen* and *William B. Davidson,* with whom was *Charles F. Stein, Jr.,* on the brief, for Macht *et al.,* Trustees.

*W. Booth Settle,* with whom was *George T. Ness, Jr.,* on the brief, for W. Booth Settle.

*Leonard Weinberg* and *George L. Clarke,* with whom were *Weinberg & Green* on the brief, for The Hecht Co.

HENDERSON, J., delivered the opinion of the Court.

The Hecht Company, a Maryland corporation, operates two large department stores in Baltimore City, one of which is located at the northeast corner of Charles and Baltimore Streets, and another on the southeast corner of Charles and Fayette Streets. The rear of each

store building abuts on Wilkes Lane, a fifteen foot highway or alley running east and west parallel to Baltimore Street on the south and Fayette Street on the north, for a distance of 125 feet on the south side of Wilkes Lane and 140 feet on the north side. In 1928, under authority of a city ordinance, the stores were joined by a superstructure extending upwards to the full height of the buildings, six stories, but leaving the alley open to a height of thirteen feet. This structure extended from the building line at Charles Street in an easterly direction for thirty-two feet. In 1944, a one-story bridge was built across the alley at a point 100 feet east of Charles Street at the fourth floor level.

In 1947, The Hecht Company was authorized by City Ordinance No. 866 to fill in most of the remaining space between the two buildings across the alley, to connect the stores to the height of six stories, leaving only a clearance of thirteen feet in the alley at ground level and extending one hundred and twenty-five feet in all in an easterly direction from Charles Street.

Annie Macht and Morris Macht, trustees, and others, owning property abutting on Wilkes Lane east of the proposed structure, declined to give their consent to the erection of the proposed structure, and the Hecht Company thereupon filed a bill in the Circuit Court of Baltimore City for a declaratory decree. In addition to a prayer for general relief, The Hecht Company prayed the Court to declare: (1) That the erection of the proposed superstructure will not "diminish, obstruct, hinder, infringe upon, limit, restrict or otherwise interfere with the defendants' rights to light and/or air passing through, over and upon Wilkes Lane, and will not depreciate the value of Defendants' said property, or of their interest therein"; (2) that the Ordinance No. 866 is "a valid and legal enactment and within the powers granted to the Mayor and City Council of Baltimore by the Charter and other Statutes"; (3) that the defendants be directed to answer, and if they shall claim that the proposed structure "will diminish, obstruct, hinder, in-

fringe upon, limit, restrict or otherwise interfere with their rights to light and/or air passing through, over and upon Wilkes Lane, and/or will depreciate the value of their said property," that the burden of any such claims be placed upon the Defendants. The Defendants filed demurrers to the bill. After hearing, the chancellor sustained the demurrers as to the first and third prayers for relief, and overruled the demurrer to the second prayer, and the prayer for general relief. Appeals and cross-appeals were thereupon taken to this court.

The Hecht Company, in its brief, abandons its contention that the Chancellor erred in sustaining the demurrers to the first prayer for relief. We find no error in the ruling of the Chancellor upon the third prayer for relief. We have been referred to no authority, and we have found none, that would justify a declaration as to the burden of proof in a final decree. It is doubtless true that in the course of a trial upon the merits the court may be called upon to rule upon questions of evidence, and to apply the rules as to burden of proof in evaluating the evidence presented. "The duty to go forward may of course shift and alternate as evidence is introduced or presumption arises." *Borchard, Declaratory Judgments*, 2nd Ed., p. 407. See also *Reliance Life Ins. Co. v. Burgess*, 8 Cir., 112 F. 2d 234. We express no opinion at this time as to where the burden of proving particular facts may rest. We think the Chancellor was right in ruling that a declaration of that character was improperly included among the prayers for relief, and affirm those rulings that are the subject of the cross-appeals.

The appellants in the original appeals do not deny the existence of a controversy or challenge the right of The Hecht Company to invoke the Declaratory Judgment Act (Code, Art. 31A). They raise a point, as to parties, that the bill shows that The Hecht Company is only a lessee of some of the lots of ground occupied by its stores, and that the lessors are not made parties. We

find no merit in this contention. The bill alleges, in effect, that all persons objecting to the proposed structure are made parties. If, as the appellee states in its brief, the lessors have consented, we see no reason why they should be made parties, even if we assume, without deciding, that the owners of the reversion in the property benefitted by the proposed structure would have a standing to object, or that such privies in interest would not be bound by the decree in any event.

The principal contention of the appellants is that the ordinance is invalid as an invasion of their special property interest in the public highway for a private use, under the rule laid down in *Perellis v. Baltimore,* 190 Md. 86, 57 A. 2d 341, and the cases there cited, particularly *Townsend, Grace & Co. v. Epstein,* 93 Md. 537, 49 A. 629, 52 L. R. A. 409, 86 Am. St. Rep. 441, which dealt with the erection of a bridge or superstructure across this same alley. Without disputing the correctness of the rule laid down in those cases, the appellee contends that the question cannot be disposed of upon demurrer to the bill, which alleges that the proposed structure will not in fact affect the rights of the appellants to light, air or access, or affect the value of their property. This was the view expressed by the chancellor.

It is trite to observe that a demurrer admits the truth of the well pleaded allegations of a bill. We cannot assume that these allegations are untrue, without evidence. The rule of judicial notice, invoked by the appellant, is essentially a rule that permits the court to dispense with proof of a self-evident and notorious fact. "But the opponent is not prevented from disputing the matter by evidence, if he believes it disputable." 9 *Wigmore on Evidence,* 3d Ed., § 2567, p. 535; *U. S. v. Aluminum Co. of America,* 2 Cir., 148 F. 2d 416, 448; *Communist Party v. Peck,* 20 Cal. 2d 536, 127 P. 2d 889, 892. Here the bill shows upon its face the existence of a dispute as to facts upon which the appellants' rights to challenge the validity of the Ordinance must depend. The fact that the form of the action is anticipatory does not

dispense with the necessity of a finding or special interest in the protestants before the court can pass upon the validity of the City Ordinance.

In all of the Maryland cases cited by the appellants, proof was offered to show substantial interference with the rights of abutters. In *Townsend, Grace & Co. v. Epstein, supra,* 93 Md. at page 553, 49 A. at page 632, 52 L. R. A. 409, 86 Am. St. Rep. 441, the court said: "if the appellants have suffered therefrom an injury different in kind from and beyond that suffered by the community generally; or special and particular damage resulting to them by reason of the nuisance then they have a right to their private remedy for such injury. [citing cases] To discover what injury, if any, the appellants have suffered from the acts of the appellee, and the character of the injury resort must be had to the proof." We think the chancellor was correct in overruling the demurrer to the second and general prayers for relief. We express no opinion upon the merits of the case or the validity of the ordinance.

*Order affirmed, costs to be divided equally by the respective parties.*