185 So.2d 908 (1966)
ACADIA-VERMILION RICE IRRIGATING COMPANY, Inc., Plaintiff-Appellee,
v.
Gustave BROUSSARD et al., Defendants-Appellants.
No. 1691.
Court of Appeal of Louisiana, Third Circuit.
April 27, 1966.
*909 Bean & Rush, by Warren Rush, Lafayette, for defendant-appellant.
Kibbe, Edwards, Cooper & Sonnier, by Silas B. Cooper, Jr., Abbeville, Monroe & Lemann, by T. B. Lemann, New Orleans, Pugh, Buatt & Pugh, by Lawrence Pugh, Crowley, for plaintiff-appellee.
Deshotels & Maraist, by Frank Maraist, Abbeville, amicus curiae.
Before TATE, HOOD, and CULPEPPER, JJ.
TATE, Judge.
The trial court granted summary judgment in the plaintiff company's favor, recognizing it as the owner entitled to exclusive use of a servitude for irrigation purposes across lands owned by the defendants. The defendant landowners appeal. They primarily contend that the summary judgment was improperly granted because this suit involves genuine issues of material fact which can be determined only by trial on the merits.
The present case has been before us on a prior appeal. La.App., 175 So.2d 856, noted, 40 Tulane L.Rev. 397 (1966). There, the trial court had dismissed upon an exception the plaintiff company's petition for recognition of its alleged servitude. On the trial of an exception of no cause of action, of course, the courts must construe the allegations of fact most favorably to sustaining the action alleged. Doing so, accordingly we reversed the dismissal and remanded for further trial, stating: "We are convinced that the facts alleged in plaintiff's petition, if established by the evidence, are sufficient to entitle plaintiff to at least a part of the relief which it seeks." 175 So.2d 863.
Upon the remand, the plaintiff filed a motion for summary judgment. This motion is essentially based upon the pleadings, since no affidavits or depositions were introduced in support of it.
The summary judgment is sought under LSA-CCP Art. 966, which provides for summary judgment to be rendered "* * *910 if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
The summary judgment remedy is not a substitute for a trial and may not be resorted to when there is a genuine issue of material fact which must be resolved. In passing upon a motion for summary judgment, the function of the court is not to determine the merits of the issues raised, but rather only to determine whether or not there is a genuine issue of material fact. The burden of showing that there is not a material factual issue is upon the mover for summary judgment. All doubts are to be resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts.
See: Kay v. Carter et al., 243 La. 1095, 150 So.2d 27; Smith v. Preferred Risk Mutual Ins. Co., La.App. 3 Cir., 185 So.2d 857 (decided this date); Aymond v. Missouri Pacific Railroad Co., La.App. 3 Cir., 179 So.2d 460, 461, and cases therein cited.
The allegations of the petition denied by the answer disclose the following disputed factual issues: (1) that the plaintiff Acadia-Vermilion company is the successor to and acquired all of the interests of a predecessor company which had been operating a rice irrigation system since 1903, which system includes a main line irrigation canal to which title by rights of way were acquired, together with lateral irrigation canals on the lands of others which led from such main distribution canal. Arts. 1-5 of petition and answer; (2) that Acadia-Vermilion and its author in title had owned, operated, and used without interruption for more than thirty years a lateral aqueduct servitude for irrigation purposes across the present defendants' lands, and during these years had furnished water for irrigation purposes on a share basis to the landowners or their tenants. Art. 6; (3) that Acadia-Vermilion and its author in title had been in actual, continuous, and adverse physical possession of the land and servitude for more than thirty years, including by regularly cleaning and repairing same and as recognized by regular execution of contracts providing for the payment of rice share rentals by those landowners or their tenants adjoining the lateral aqueduct who contracted to use water from same. Arts. 7-11, 14.
The defendants' answer further alleged that the adjoining landowners had always considered and treated the lateral canal across their land as their own property to be maintained by themselves alone for their own convenience, with other landowners sometimes paying annual rental to a landowner for the privilege of receiving waters through the lateral irrigation canal. Arts. 15-25. Additionally, in opposition to the motion for summary judgment, an affidavit by one of the defendants was filed in support of some of these allegations and additionally averring "that at no time did plaintiff acquire title to the subject canal and/or ditch and its use thereof has been solely and only with the tolerance of defendants and their ancestors in title with the obvious implication and understanding that your defendants could terminate the use of said canal and/or ditch at their will." Tr. 26.
The trial court took judicial notice that the facts alleged by the plaintiff Acadia-Vermilion were true, even though there was no affidavit or other showing to such effect, and even though these facts were denied by the allegations of the defendants' answer as well as by the affidavit filed by them. At least some of these facts, denied by the defendants, are material to the decision of the issues posed by this litigation, for example:
Whether the servitude was acquired by uninterrupted enjoyment or use for the prescriptive length of time, see Comment, Acquisitive Prescription of Servitudes, 15 La.L.Rev. 777 (1955); whether the enjoyment of the servitude had been precarious, that is, with permission given by the *911 landowner with the understanding that the use was merely by sufference, instead of such use or enjoyment being recognized as adverse to the landowner such as by the payment to other than the landowner of crop shares for the use of the canal for irrigation purposes, LSA-CC Art. 3490, Macheca v. Avegno, 25 La.Ann. 55 (1873), Delahoussaye v. Judice, 13 La.Ann. 587 (1858), cf., Planiol, Civil Law Treatise (LSLI Translation, 1959), Vol. 1, Sections 2955, 2956; whether, since the nature and extent of a servitude acquired by possession and enjoyment is determined by the nature and extent of the usage over the prescriptive period[1], any present servitude includes the exclusive use by Acadia-Vermilion and its customers of the landowners' irrigation canal, or whether instead the servitude as created contemplated the use of the irrigation canal by the landowner or others as well, LSA-CC Arts. 745 [2], 751[3] and also, whether a servitude of aqueduct can be claimed by an estate which does not itself receive the direct benefit of its use, LSA-CC Art. 650[4], see also Note, Acquisitive PrescriptionServitudes, 40 Tul.L. Rev. 397 at Footnote 1, 397-398 (1966) [5].
In passing upon a motion for summary judgment, as noted earlier, the function of the court is not to determine the merits of any factual issue, but simply to determine whether or not there is a genuine factual issue. Judicial notice of undisputed facts not formally of record may sometimes be appropriate in disposing of a motion for summary judgment. Ellis v. Cates, C.A. 4, 178 F.2d 791 (1949); Chicago Mercantile Exchange v. Tieken, D.C.Ill., 178 F.Supp. *912 779 (1959). Nevertheless, a court cannot dispose of a motion for summary judgment by taking judicial notice of a disputed material fact, for summary judgment can be granted only when there is no material factual dispute whatsoever. Krieger v. Ownership Corporation, CCA 3, 270 F.2d 265 (1959); Toebelman v. Missouri-Kansas Pipe Line Co., CCA 3, 130 F.2d 1016. See 3 Barron & Holtzoff Federal Practice & Procedure, Section 1236 (including 1965 pocket part, p. 83).
Additionally, it mistakes the proper function and theory of judicial notice to resolve a disputed issue of material fact by taking judicial notice of its correct determination without permitting evidence.
Judicial notice is merely a method by which the courts dispense with formal proof when there is no real necessity for it because the facts noticed are indisputable as a matter of notorious common knowledge or as being easily capable of immediate verification. 9 Wigmore on Evidence, Section 2565 et seq. (3rd ed., 1940); 31 C.J.S. Evidence §§ 6, 13 (1964 volume); ALI Model Code of Evidence, Rules 801, 802 (1942). As stated by Wigmore, cited above, at Section 2567, p. 535: "That a matter is judicially noticed means merely that it is taken as true without the offer of evidence by the party who should ordinarily have done so. This is because the Court assumes that the matter is so notorious that it will not be disputed. But the opponent is not prevented from disputing the matter by evidence, if he believes it disputable." See, e. g., cases cited such as: In re Knapp-Monarch Co., 296 F.2d 230, 49 CCPA 779 (1961); United States v. Aluminum Company of Amer., CCA 2, 148 F.2d 416, syllabi 40-42 (1945); Makos v. Prince, Fla.Sup.Ct., 64 So.2d 670 (1953); Macht v. Hecht Co., 191 Md. 98, 59 A.2d 754 (1948); cf., State v. Lawrence, 120 Utah 323, 234 P.2d 600 (1951).
For the reasons assigned, therefore, we conclude that our trial brother erred in granting the plaintiff a summary judgment. Accordingly, such judgment is set aside, and this case is remanded for further proceedings not inconsistent with the views herein expressed. The plaintiff-appellee is to pay all costs of this appeal; other costs are to await final termination of these proceedings.
Remanded.
NOTES
[1] Consolidated Companies, Inc. v. Haas Land Co. Ltd., 179 La. 19, 153 So. 6; John T. Moore P. Co. v. Morgan's Louisiana & T.R. & S. S. Co., 126 La. 840, 53 So. 22 (esp. syllabus 16, see also decree at 53 So. 43); Louisiana Power & Light Co. v. Dileo, La.App. 1 Cir., 79 So.2d 150, 156 (syllabus 12). In general, since servitudes are not susceptible of actual delivery, the use of the servitude by its owner determines its extent. LSA-CC Art. 743; Ledoux v. West, 34 La. Ann. 1184.
[2] LSA-CC Art. 745: "It is not contrary to the nature of servitudes that the same servitude should be established on several estates for the benefit of one, or that the same estate should be subject to a servitude for the benefit of several estates."
[3] LSA-CC Art. 751: "The exercise of servitudes may be limited to certain times. Thus the right of drawing water may be confined to certain hours, the right of passage to a part of the day."
[4] LSA-CC Art. 650: "It is necessary, in the third place, that the servitude have for its object the use or benefit of the estate in favor of which it is established. * * *" (Italics ours.)
[5] A real servitude is ordinarily established on one estate in favor of another estate, not in favor of persons. LSA-CC Arts. 647, 648. The plaintiff Acadia-Vermilion seeks to enjoin the defendant-landowners from any use of the canal on their property, such as putting water in from their well and taking an equivalent amount of water out, or to enjoin them from otherwise interfering with Acadia-Vermilion's exclusive use of the canal. With regard to this portion of its demand, it may be pertinent whether any servitude created is owed to Acadia-Vermilion or instead to the estates of the farmers with lands irrigated by the lateral canals for the prescriptive period (or possibly the servitude may be owed to both). Even if the servitude is owed to the landowners instead of to Acadia-Vermilion, the latter presumably has such real and actual interest, LSA-CC Art. 681, as to be able to maintain this action for recognition of the servitude because of its contractual relationships with its landowner-customers to receive water through the canal. However, should the servitude be owed not to Acadia-Vermilion but only to lands along the lateral canal irrigated by it; then, if none of the owners of the dominant estates desire to exercise their servitude through permitting Acadia-Vermilion to supply water to them, possibly Acadia-Vermilion's use may have been precarious and it may have no interest in enforcing the servitude. Cf. also, Martin v. Louisiana Public Utilities Co., 1 Cir., 13 La.App. 181, 127 So. 470, where conduct by reason of an agreement between a customer and a supplier for hire of aqueduct (drain) services was held to create no servitude as between these parties.