PRICE, Judge.
This appeal concerns the correctness of the trial court’s action in sustaining a motion for summary judgment dismissing a tort action brought by plaintiffs on a finding that their exclusive remedy lies under the Workmen’s Compensation Statute. The question presented is whether plaintiffs, under the provisions of LSA-R.S. 23:1061, were “statutory employees” of the principal for whom their employer had contracted to perform certain work.
Willie C. Flores, Jr., and Raymond M. James brought this suit against Woodard-Walker Lumber Company, Inc., and its liability insurer, Employers Mutual Liability Insurance Company of Wisconsin, claiming damages for personal injuries received while performing repair work on a steam boiler at the Woodard-Walker Lumber Company sawmill in Bienville Parish. The pleadings show plaintiffs were employed as welders by Butler Machine & Construction Company, Inc. On October 25, 1970, the Butler firm was engaged to repair leaks that had developed in one of the boilers of the mill. It is alleged that while plaintiffs were inside the boiler from which the water had been withdrawn, an employee of the mill opened a connecting valve to another boiler which was in use, allowing live steam to flow into the boiler in which plaintiffs were working, causing them to sustain severe burns.
Plaintiffs allege their injury resulted from the negligence of the employee of Woodard-Walker for which it is liable in tort.
*423 In the motion for summary judgment and the affidavit supporting same, Woodard-Walker contends it is engaged in the sawmill business and uses steam generated in the boilers to drive the saw carriages and to heat the dry kilns of the mill, and, therefore, the boilers are an integral and essential part of its business or trade without which it could not operate. It therefore contends the work performed under oral contract by Butler in the repair or maintenance of the boilers being part of its business, subjects it, as principal, to liability for workmen’s compensation to Butler’s employees under LSA-R.S. 23:1061.[1] Thus these employees are limited solely to this remedy in accordance with LSA-R.S. 23:1032.[2]
Employers Mutual Liability Insurance Company of Wisconsin joined in this motion asserting by pleadings and affidavit that its liability policy issued to Woodard-Walker excludes liability for any obligation for which the insured may be liable under workmen’s compensation laws.
Plaintiffs answered and filed a counter affidavit to defendant’s motion for summary judgment in which they assert that the trade or business of a boiler maker is a highly specialized field of labor and that to comply with the laws of this state certain repairs to a steam boiler must be made by a welder properly certified by the American Association of Mechanical Engineers. The affidavit of D. L. Butler, President of Butler Machine & Construction Company, Inc., attests he has been familiar with the operation of the Woodard-Walker mill for many years and that to his knowledge the mill has never employed welders who were competent to make boiler repairs that would be approved by the state inspectors. He further deposed that on the occasion of plaintiffs’ injuries, his firm had been engaged to repair leaks in the flues or tubes of the boiler through which the heated water must pass; that there are over 800 such tubes contained in a boiler and specialized knowledge and equipment is required to detect the leaking tubes and to repair same.
In sustaining defendant’s motion the trial judge in written reasons for judgment, found there was no genuine material issue of fact between plaintiffs and defendants and that defendants were entitled to summary judgment. Applying the rationale of Arnold v. Shell Oil Co., 419 F.2d 43 (5th Cir. 1969), Thibodaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852 (1950), and Allen v. United States Fire Ins. Co., 222 So.2d 887 (La.App.2d Cir. 1969), the trial judge concluded that as plaintiffs were injured while repairing steam boilers which were essential to the operation of the sawmill, they were therefore “statutory employees” of the mill owner under the provisions of the compensation statute.
On this appeal plaintiffs contend the trial court committed error in finding there was no genuine issue of material fact and in holding the “essential to the business” test is the sole criteria to determine whether the provisions of LSA-R.S. 23:1061 should apply to the facts of this case as shown in the affidavits filed by the parties.
*424 Plaintiffs argue neither the pleadings nor the supporting affidavit of an executive officer of Woodard-Walker set forth any information regarding the repairs to its boilers other than to state this work has for many years been contracted to Butler and that as the counter affidavit by Butler shows this work is highly specialized labor that could not be performed by the usual personnel of the sawmill, then there is a genuine issue of fact precluding a resolution of the matter by motion for summary judgment.
The restrictions on the use of the motion for summary judgment were discussed by this court in Allen v. United States Fire Insurance Co., supra, as follows :
“The motion for summary judgment, as provided for in LSA-C.C.P. Arts. 966-967 is a procedural device. Art. 966 requires that ‘the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.’ In passing upon a motion for summary judgment, a court’s function is not to pass on the merits of the particular issues raised, but to confine its determination to whether or not there exists a genuine material issue of fact. Acadia-Vermilion Rice Irrigating Company, Inc. v. Broussard, La.App., 185 So.2d 908 (3rd Cir. 1966). The mover has the burden of showing that there is no material issue of fact. All doubts as to this question should be resolved against granting the motion. Welsh Southern Oil Company, Inc. v. Scurlock Oil Company, Inc., La.App., 201 So.2d 376 (3rd Cir. 1967); Collins v. State Farm Mutual Automobile Insurance Company, La.App., 188 So.2d 460 (3rd Cir. 1966).”
In ruling on a motion of a similar nature under the Federal Rules of Civil Procedure, the Fifth Circuit of the United States Court of Appeal stated:
“Even though the basic facts are undisputed, a summary judgment may be improper if the parties disagree regarding the material factual inferences that properly may be drawn from these facts.” Cole v. Chevron Chemical Company, Oronite Division, 427 F.2d 390, 393 (5th Cir. 1970).
From our reading of the record and our appreciation of the applicable law, we think there is a genuine dispute as to whether the work being done by plaintiffs was part of the trade, business or occupation of Woodard-Walker. Since this is an issue of fact, we conclude that it was error to grant the motion for summary judgment.
Most of the cases cited by defendants giving emphasis to the “essential to the business” test involve injuries by employees of contractors performing work for principals engaged in the production and marketing of oil and gas. Because of the highly integrated nature of this business the courts have found that almost any activity contracted for by a principal is within the scope of his trade or business for purposes of compensation coverage to employees of the contractor.
Defendants argue the more recent jurisprudence of this state, and particularly this circuit, has indicated a trend toward application of the “essential to the business” test only in resolving the statutory employee status. The case of Foster v. Western Electric Company, 258 So.2d 153 (La. App.2d Cir. 1972) is most heavily relied on by defendants in support of their argument. In Foster we considered the operation by a contractor of an employee cafeteria at a large manufacturing plant of the principal to be an integral and essential part of the principal’s business and rejected the tort action of an employee of the contractor against the principal.
Plaintiffs rely on the cases of Horrell v. Gulf & Valley Cotton Oil Co., Orl., 15 La. App. 603, 131 So. 709 (1930), and Finn v. *425 Employers’ Liability Assurance Corp., 141 So.2d 852 (La.App.2d Cir. 1962). In Hor-rell an employee of a contractor who was injured while constructing a furnace in the principal’s plant was allowed to proceed in tort against the principal. The court found that the work being done required a specialist and was not part of the business of the principal. In Finn an employee of a contractor was killed while erecting a radio tower on a plantation owned by the principal. The court found that the dismantling and erection of a radio tower required the work of a specialist and stated: “Thus, work requiring a specialist is not the trade, business, or occupation of a principal not engaged in the specialized business.” 141 So.2d 852, 870.
We think the principles established in the Horrell and Finn cases should be applied in appropriate factual situations. We further do not consider our opinion in Foster to reject the principles established in these cases. The circumstances involved in Foster are not analogous to those of Hor-rell or Finn. The injured employee in Foster was not engaged in specialized work nor was it shown that the work could not have been performed by regular employees of the principal.
It is only logical to assume that most any equipment or machinery owned by a mill or manufacturing plant is necessary or essential to its operation. However, it is possible that the repair or maintenance on the machinery is of such a nature requiring highly specialized personnel and must be done at such infrequent intervals that it would be unreasonable for the owner to do this work with regular employees.
In the case of Meche v. Farmers Drier & Storage Co., 193 So.2d 807 (La.App.3d Cir. 1967), the court gave recognition to this view as follows:
“We find this argument persuasive, but not determinative. If the general function of rodent control is indeed part of the principal’s business, then in our opinion the use of a particularized product to perform this function would not necessarily and by itself determine that the employee was no longer engaged in work forming a regular part of the principal’s business. Meche’s extermination work constituted a regular, normal, and recurrently necessary part of the operation of a rice warehouse. The instances relied on by the plaintiff, Finn v. Employers, etc., La.App.2 Cir., 141 So.2d 852; Horrell v. Gulf & Valley Cotton Oil Co., Orl., 15 La.App. 603, 131 So. 709, concerned construction and repair work not regularly done by the principal’s employees and requiring special skills needed only at infrequent and irregular intervals.
We think that only upon presentation of evidence on trial and after giving due consideration to the factors alleged by plaintiffs concerning the highly specialized nature of the work being performed can it be determined whether this work was a part of the trade, business or occupation of the principal. The record as presently constituted does not sufficiently describe the customary practice in the sawmill industry for repairing steam boilers to allow the court to consider whether the principles of Finn and Horrell are applicable to this case.
For the foregoing reasons the judgment appealed from is reversed and the case is remanded for further proceedings in accordance with law.
Costs of this appeal are taxed against appellee. Assessment of remaining costs shall await final determination of the case.

. LSA-R.S. 23:1061 provides in part: “Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which lie had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of 'the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which lie would have been liable to pay if the employee had been immediately employed by him; . . . ”

. LSA-R.S. 23:1032 provides in part: “The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations.”