WILLIAMS, Judge.
This is a tort action wherein Betty Har-ville Streetman, plaintiff, seeks to recover damages for the accidental death of her husband, Randel David Streetman. Made defendants are Aeropres Corporation and Continental Insurance Company, the public liability insurer of Aeropres and its officers.
Plaintiff appealed the trial court’s granting of defendants’ motion for summary judgment entered in the district court which dismissed her suit.
Plaintiff alleges the following facts. Mr. Streetman was employed by Mc-Lemore Electric Company as an apprentice electrician. Aeropres contracted with McLemore to do the electrical work necessary to enlarge Aeropres’ operations of its existing plant at Sibley, Louisiana. The contract was for the construction of a new facility or the complete reconstruction of the existing electrical equipment and was, therefore, not a part of Aeropres’ regular business, trade or . occupation. While carrying out his assigned work decedent was electrocuted. This work was taping joints on wires of an electric motor hookup at the Aeropres plant. The details of the “hot” wire resulting in decedent’s electrocution are set forth in the petition.
Alleging certain officers of Aeropres, namely John E. Kennedy, Chairman of the Board of Directors, Robert Gibbons, President, and Michael Kranson, Secretary, were negligent in failing to provide decedent with a safe place in which to work, plaintiff seeks damages by direct action against Continental Insurance Company, their public liability insurer.
In the motion for summary judgment and accompanying affidavits, Aeropres and *517 Continental assert there is no genuine issue of material fact because: .(1) the sole issue is one of law; (2) Aeropres Corporation, as shown by the attached affidavits, is in the business of not only producing gas and propellants but makes its own plans and specifications for its plants and installations, does its own work in the erection and installation thereof, including the purchasing of all tanks, motors, pumps, piping, valves and other necessities for the operation of its plant and it does this work through its own employees, other than electrical work, and therefore, the work being done at the time of the accident was being done by Aeropres Corporation in its trade, business and occupation and in the maintenance, repair and expansion of its equipment and facilities. Therefore, as a matter of law, Aeropres is not liable to plaintiff herein in tort and the sole liability of Aeropres Corporation, if any, unto plaintiff is under the Louisiana Workmen’s Compensation Laws.
Defendants attach affidavits of the president and assistant superintendent of Aeropres to their motion for summary judgment. These affidavits are similar and each outline Aeropres operations and contain the following statement:
“ * * * that the trade, business and occupation of Aeropres Corporation is the manufacture of gas or propellants for the use in various containers manufactured and sold by others, such as hair spray, insect killers and the like; that the plant of said Aeropres Corporation located in Webster Parish, Louisiana was installed in the year 1969; that Aeropres Corporation itself constructs and makes plans and specifications for its plants, which includes the purchasing of tanks, motors, pumps, piping, valves and other necessities for the operation of said plant; that Aeropres Corporation itself employs welders to fabricate and install such equipment and tanks to the design and specification of Aeropres Corporation; that on August 17, 1972 Aeropres Corporation was and for several months prior thereto in the process of adding to its facilities and expanding and modifying its existing equipment, which it was itself doing and all of which work was done by Aeropres Corporation itself, except for the installation of electrical wiring, which was subcontracted to McLemore Electric Company, of Min-den, Louisiana; that the business of Aeropres Corporation entails the manufacture of said gas or propellants and the maintenance, repair and expansion of the equipment necessary and required for such production; that an integral portion of the business of Aeropres Corporation includes the maintenance of its equipment, its expansion and modification and that all of the work done at said plant in Webster Parish in the maintenance, expansion and modification thereof is a portion of its trade, business and occupation in the operation of its business and is a usual portion thereof.
Plaintiff contends the trial judge erred in sustaining the motion for summary judgment and dismissing her suit. In Allen v. United States Fire Insurance Company, 222 So.2d 887 (La.App., 2d Cir. 1969) this court stated:
“ * * * The motion for summary judgment, as provided for in LSA-C.C. P. Arts. 966-967 is a procedural device. Art. 966 requires that ‘the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.’ In passing upon a motion for summary judgment, a court’s function is not to pass on the merits of the particular issues raised, but to confine its determination to whether or not there exists a genuine material issue of fact. Acadia-Vermilion Rice Irrigating Company, Inc. v. Broussard, La.App., 185 So.2d 908 (3rd Cir. 1966). The mover has the burden *518 of showing that there is no material issue of fact. All doubts as to this question should be resolved against granting the motion. Welsh Southern Oil Company, Inc. v. Scurlock Oil Company, Inc., La.App., 201 So.2d 376 (3rd Cir. 1967); Collins v. State Farm Mutual Automobile Insurance Company, La.App., 188 So.2d 460 (3rd Cir. 1966).” [222 So.2d 887, 888].
Aeropres Corporation was engaged in the trade, business and occupation of manufacturing gas or propellants for use in containers manufactured and sold by others. Aeropres employed its own personnel to make plans and specifications and to construct its own plants at thé time of the accident. Aeropres was adding to its facilities and expanding and modifying its existing equipment. All such work was being done by Aeropres personnel except the installation of electrical wiring. McLemore Electric Company, decedent’s employer, contracted to do this electrical work.
Aeropres contends as a matter of law plaintiff’s cause of action against Aeropres is limited to workmen’s compensation as required by LSA-R.S, 23:1061 and not in tort. If the work contracted for Aeropres by McLemore Electric Company is part of Aeropres’ trade, business, or occupation or which Aeropres had contracted to perform, then plaintiff’s cause of action is limited to workmen’s compensation. In granting defendants’ motion for summary judgment the trial court held this work was a part of Aeropres’ trade, business or occupation. The facts related in the affidavits accompanying Aeropres’ motion for summary judgment sustain the conclusion of the trial court.
The trial court failed, however, to consider the tort liability of the named officers of Aeropres. Affidavits filed by Continental Insurance Company do not mention anything with reference to the officers or their duties and responsibilities to decedent. Plaintiff’s petition alleges:
“11. Petitioner alleges on information and belief that the cause of the wire remaining hot was a pilot light hooked across a starter coil was grounded and this caused the wire to be hot, even with the switches turned off.
‡ # % ‡ ** ‡
“13. Shows that the defendant, Aeropres, and its officers, executives and managerial employees were negligent in failing to provide the deceased Streetman with a safe place in which to work, even though they knew or should have known of the defect in the motor upon which he was working.”
Plaintiff alleged the officers, executives and managerial employees of Aeropres were negligent.[1] There still exists a genuine material issue of fact on this question.
For the foregoing reasons the judgment appealed 'is reversed insofar as it dismisses plaintiff’s suit against Continental Insurance Company as public liability insurer of the officers, executives and managerial employees of Aeropres; affirmed insofar as the judgment sustained the motion for summary judgment on behalf of Aeropres and its public liability insurer, Continental Insurance Company, and the case is remanded to the Twenty-Sixth Judicial District Court for further proceedings consistent with this opinion. All costs of this appeal are assessed to Continental Insurance Company.
Reversed in part; affirmed in part, and remanded.

. Within the criteria established in Canter v. Koehring Company, 283 So.2d 716 (La.1973).