527 So.2d 1150 (1988)
S.J. LEMOINE, INC., Plaintiff-Appellee,
v.
ST. LANDRY PARISH SCHOOL BOARD, Defendant-Appellant.
No. 87-536.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1988.
*1151 Carol J. Aymond, Jr., Bunkie, for plaintiff-appellee.
Young & Burson, I. Jackson Burson, Eunice, and Fred G. Benton, Jr., Baton Rouge, for defendant-appellant.
Before DOUCET, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
This appeal is from a judgment ordering the St. Landry Parish School Board, governing body of the parish school system, a public entity, to pay $4,400 to S.J. Lemoine, Inc., a contractor, as the balance due on a contract for the construction of Eunice Junior High School. The School Board additionally appeals, as insufficient, a judgment in its favor for $1,500 on a reconventional demand. For reasons which follow, we reduce the award in the main demand from $4,400 to $400. In all other respects we affirm.
Lemoine as general contractor and the School Board as owner entered into a written contract on July 12, 1983, for the construction of the school, for the price of $1,573,200. The contract provided for completion not later than August 1, 1984, and it also provided for liquidated damages for each calendar day of delay if not substantially completed on that date. A certificate of completion was executed by the Board's architect on September 4, 1984. The School Board paid all but $7,000 of the contract price. It notified Lemoine that it intended to withhold $6,600 as liquidated damages for the 33 day delay in performance, and tendered the balance of $400, which Lemoine refused to accept.
*1152 Lemoine filed suit on July 16, 1985, for $7,000. The School Board answered admitting owing $400, but contending that the obligation for $6,600 was extinguished by compensation, and reconvened demanding specific performance based on defects in the construction of the roof, or, alternatively, a money award for repairs to a leaking roof and the damages caused by the leaks.
The case was tried in the fall of 1986 and judgment was rendered in February 1987. The trial judge found that Lemoine qualified under the language of the contract for an extension of 22 days, and that the School Board was entitled to liquidated damages for only 11 days, or $2,200, leaving $4,400 owed out of the retainage. On the reconventional demand the trial judge found that there were defects and damages which could be repaired for $1,500, giving judgment to the School Board for that amount.
There are two issues presented on appeal. The first is the issue presented by the main demand, which is whether the School Board is entitled to stipulated damages for the delay in the performance of the contract; since Lemoine had not appealed, this issue, precisely, is whether the School Board is entitled to damages for 33 days, or 11 days. The second issue, presented by the reconventional demand, is whether the trial judge's determination of the cost of repairs because of the defective roof was insufficient.
STIPULATED DAMAGES
Article 3 of the contract dealt with time of commencement and substantial completion. It declared:
"The work to be performed under this Contract shall be commenced within 10 days from date of written notification from the Architect to the General Contractor to proceed, and, subject to authorized adjustments, Substantial Completion shall be achieved not later than August 1, 1984."
The contract contained a special provision for liquidated damages relating to failure to complete on time, as follows:
"The owner will suffer financial loss if the Project is not Substantially Complete prior to August 1, 1984. The Contractor (and his Surety) shall be liable for and shall pay to the Owner the amount of $200.00 per calendar day as fixed, agreed, and liquidated damages for each calendar day of delay until the work is Substantially Complete."
Although Lemoine on several occasions, by letter, requested additional days on account of rain, the School Board did not approve the grant of any additional time. There was testimony that the reason for the August 1, 1984, deadline was to enable the new school to open on time. The old school had burned down, and the School Board was using borrowed temporary buildings which were due to be returned to their owners. School was scheduled to open in late August.
The 1984 revised La.C.C. art. 2005, which according to the revision comments does not change the law, provides that parties may stipulate the damages to be recovered in case of delay in performance of an obligation.
Lemoine does not question the right of the School Board to stipulated damages under the contract. It is his position, rather, that the delays were excused under other contractual language. The contract language on which he relies is:
"8.3 Delays and Extensions of Time 8.3.1 If the Contractor is delayed at any time in the progress of the Work by any act or neglect of the Owner or the Architect, or by any employee of either, or by any separate contractor employed by the Owner, or by changes ordered in the Work, or by labor disputes, fire, unusual delay in transportation, adverse weather conditions not reasonably anticipatable, unavoidable casualties, or any causes beyond the Contractor's control, or by delay authorized by the Owner pending arbitration, or by any other cause which the Architect determines may justify the delay, then the Contract Time shall be extended by Change Order for such reasonable time as the Architect may determine."
*1153 Lemoine testified that 20 additional days were required to perform additional work under two change orders. He testified that 29 more days were required because of rain or cold weather. There are letters in the record requesting 29 one day extensions on account of rain or cold, specifying the calendar dates that adverse weather stopped work.
The record shows that among the requests for extensions based on weather, six days were requested for lost time in late December 1983, and sixteen days for lost time in January 1984. As stated earlier, the School Board never approved any request for additional time.
The trial judge decided that the School Board should have allowed 20 days for bad weather. Reasoning that the contract language could not be interpreted to grant the School Board the right to unreasonably refuse a request for extensions if a reason for the extension existed, the trial court then concluded:
"With regard to the weather delays, contractor claimed these with regularity shortly after the questioned days. Some weight must be given to that promptness. No express testimony was adduced by either side as specific conditions on each day.
This court can take cognizance of the extreme weather in the months of December, 1983, and January, 1984. The great number of days sought by the contractor in those months coincide with that extreme weather. For the whole contract I will allow 20 days of extensions for weather problems."
An obligor is relieved of liability for stipulated damages when the failure to perform the principal obligation is justified by a valid excuse. La.C.C. art. 2008. The comments to this article indicate that it reproduces the substance of C.C. art. 2121 (1870) and does not change the law.
In Davis v. Tillman, 370 So.2d 1323 (La. App. 2nd Cir.1979) it was held that abnormal weather conditions in the form of excessive rain was a valid excuse for not performing on time. In that case there was evidence that there was excessive rainfall, 21 inches above normal during the eight months required for the contract to be performed, and that the extent and frequency of such rainfall did in fact slow down the work in a manner not reasonably foreseeable.
We agree that truly unforeseeable bad weather might, if proved, justify a delay in performance. In the present case, however, there was no proof. It is true that Mr. Lemoine testified that it rained and was cold, particularly in December 1983 and January 1984, and the record contains letters requesting 22 specific days of delay in those two months to back him up. But this contract gave Lemoine a little over a year to perform, from July 12, 1983 to August 1, 1984. If we limit our conclusions about the weather to the evidence, the weather stopped work for only 29 days throughout the contract. The record does not contain evidence on which we can determine whether 29 days of rain in Eunice on working days in 13 months is below average, average, or above average, and to say that that number of days is enough to justify a delay in performance is an adjudicative fact that cannot be judicially noticed.
Judicial notice is a method by which the courts dispense with formal proof when there is no real necessity for it because the facts noticed are indisputable as a matter of notorious common knowledge or as being easily capable of immediate verification. Acadia-Vermilion Rice Irrigating Co. v. Broussard, 185 So.2d 908, 912 (La. App. 3rd Cir.1966).
The fact that it does rain in Louisiana is a fit subject for judicial notice, as is the fact that experienced construction contractors take into account an estimated time for weather losses when bidding on contracts that have a term for performance. We do not believe that the proof in this record is sufficient, however, to establish that weather has been shown to be a valid excuse justifying any portion of the claimed delay in performance of this contract.
Moreover, there was testimony by the Assistant Superintendent for Business Affairs *1154 and Operations for the School Board, that he visited the construction site on at least 10 occasions when the weather was good and there was no work going on.
We find also that the trial court's allowance of extensions of two days for the work under the second change order was error. Those change orders were signed by the parties; both provided for an increase in the contract sum, but both provided that the contract time would be "unchanged" and, for emphasis recited, "(-0-) days".
It is our conclusion that the School Board is entitled to stipulated damages in the full claimed amount of $6,600.
DAMAGES FOR DEFECTS IN CONSTRUCTION
The trial judge ruled in favor of the School Board on its reconventional demand:
"I will allow $1,500 for all repairs necessary to rectify defects of material or workmanship properly pleaded, proven and attributable to plaintiff. This excludes the replacement of ceiling tiles damaged by mildew. It does include skylight repairs. The skylight defect is so akin to a roof leak as to fall within the pleading. This figure substantially discounts both sets of experts as overly partial and constitutes a judgment call from the evidence available. Judgment for that amount will issue on the reconventional demand."
The record contains estimates of cost of repairs and correction of damages ranging from $500 to over $10,000. The existence of and necessity for certain repairs was disputed by the experts. The trial court's findings of fact and calculations in this area must be upheld unless they are clearly wrong or constitute an abuse of discretion.
When there is evidence before the trier or fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973). In reviewing quantum awards, an appellate court can disturb an award made by the trial court only where the record indicates that the trier of fact abused its much discretion in making an award. McCaskill v. Welch, 463 So.2d 942 (La.App. 3rd Cir.1985), writ den. 466 So.2d 469 (1985). We find no clear error or abuse of discretion in the trial court's conclusions.
The main demand by Lemoine against the School Board was for $7,000, $400 of which was admitted by the School Board in its answer. The judgment signed by the trial court does not make any reference to the $400 item. Under the broad appellate authority granted to this court by La.C. C.P. art. 2164, we will correct this technical oversight.
For the foregoing reasons, the judgment in the main demand in favor of S.J. Lemoine, Inc. v. St. Landry Parish School Board is reduced from $4,400 to $400, with interests and costs.
In all other respects, including the trial court's assessment of costs below, the judgment is affirmed.
Costs of this appeal are to be borne equally by the parties.
AMENDED AND AFFIRMED.