976 A.2d 290

**PROGRAMMERS' CONSORTIUM, INC.**

v.

**Karl CLARK.**

**No. 95, Sept. Term, 2008.**

Court of Appeals of Maryland.

July 21, 2009.

John D. Quinn (Sale & Quinn, P.C., Washington, DC), on brief, for petitioner.

Barton D. Moorstein (Blank & Moorstein, L.L.P., Rockville), on brief, for respondent.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY, JOHN C. ELDRIDGE (Retired, Specially Assigned), and ALAN M. WILNER (Retired, Specially Assigned), JJ.

MURPHY, J.

This case involves the relationship between Maryland Rule 2–522(c), the "special verdict" rule,[1] and § 3–507.1 of the

---

1. Maryland Rule 2–522, in pertinent part, provides:
   (c) Verdict containing written findings. The court may require a jury to return a verdict in the form of written findings upon specific issues. For that purpose, the court may use any method of submitting the issues and requiring written findings as it deems appropriate, including the submission of written questions susceptible of brief answers or of written forms of the several special findings that might properly be made under the pleadings and evidence. The court shall

Labor and Employment Article (LE), Maryland's Wage Payment and Collection Law. LE § 3–507.1 provides:

Action to recover unpaid wages.

(a) *In general.*—Notwithstanding any remedy available under § 3–507 of this subtitle, if an employer fails to pay an employee in accordance with § 3–502 or § 3–505 of this subtitle, after 2 weeks have elapsed from the date on which the employer is required to have paid the wages, the employee may bring an action against the employer to recover the unpaid wages.

(b) *Award and costs.*—If, in an action under subsection (a) of this section, a court finds that an employer withheld the wage of an employee in violation of this subtitle and not as a result of a bona fide dispute, the court may award the employee an amount not exceeding 3 times the wage, and reasonable counsel fees and other costs.

For the reasons that follow, we hold that, when a jury returns a "special verdict" in which it answers "no" to the precise question of whether the employer's withholding of the wages was "not as a result of a bona fide dispute," the Circuit Court is without power to award counsel fees under LE § 3–507.1(b).

### Background

In the Circuit Court for Montgomery County, Karl Clark, Respondent, filed a two count Complaint against The Pro-

---

instruct the jury as may be necessary to enable it to make its findings upon each issue. If the court fails to submit any issue raised by the pleadings or by the evidence, all parties waive their right to a trial by jury of the issues omitted unless before the jury retires a party demands its submission to the jury. As to an issue omitted without such demand, the court may make a finding or, if it fails to do so, the finding shall be deemed to have been made in accordance with the judgment entered.

No party may assign as error the submission of issues to the jury, the instructions of the court, or the refusal of the court to submit a requested issue unless the party objects on the record before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the objection. Upon request of any party, the court shall receive objections out of the hearing of the jury.

grammers' Consortium, Inc., Petitioner, and its owner, William Lupinacci. Respondent's Complaint included the following assertions:

4. On or about October 14, 2003, Plaintiff accepted an offer of employment to act as Sales Vice President for the Defendant, THE PROGRAMMER'S CONSORTIUM, INC., which offer was extended by Defendants. A copy of the written employment contract is attached hereto and incorporated herein by reference as Exhibit A.

\* \* \*

7. Pursuant to the terms of employment, Defendants agreed to provide Plaintiff with compensation that included:

a. A base annual salary of Eighty–Five Thousand Dollars ($85,000.00) payable in 24 semi-monthly paychecks;

b. Additional commissions based upon sales;

\* \* \*

9. Consistent with this accepted offer of employment, Plaintiff commenced working for Defendants.

10. Plaintiff successfully fulfilled all his contractual obligations to Defendants.

11. Thereafter, Defendants failed to pay Plaintiff his salary as agreed.

\* \* \*

15. Defendants have failed to pay Plaintiff, since the commencement of Plaintiff's employment, the sum of Eighty Thousand Dollars and One Cent ($80,000.01) in salary, and expense reimbursement of One Hundred Thirty One Dollars and Twenty Cents ($131.20).

## COUNT I

### (Breach of contract)

\* \* \*

17. Defendants have materially breached their contractual obligations to the Plaintiff by failing to pay Plaintiff his base pay, incentive compensation, expense reimbursement and other benefits.

\* \* \*

WHEREFORE, under Count I hereof, Plaintiff Karl Clark, requests that this Honorable Court enter a judgment against the Defendants, jointly and severally, in the amount of Eighty Thousand Dollars and One Cent ($80,000.01) in salary and expense reimbursement in the amount of One Hundred Thirty One Dollars and Twenty Cents ($131.20), punitive damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), the costs of this litigation, as well as reasonable attorney's fees.

## COUNT II

### (Statutory violation)

\* \* \*

21. Maryland Annotated Code, *Labor & Employment Article*, § 3–501, et seq., provides that if an employer withholds the wages of an employee in violation of this subtitle and not as a result of a bona fide dispute, the Court may award the employee an amount not exceeding three times the wage, and reasonable counsel fees and other costs.

WHEREFORE, under Count II hereof, Plaintiff Karl Clark, requests that this Honorable Court enter a judgment against the Defendants, jointly and severally, in the amount of Eighty Thousand Dollars and One Cent ($80,000.01) in salary and expense reimbursement in the amount of One Hundred Thirty One Dollars and Twenty Cents ($131.20),

treble damages, the costs of this litigation, as well as reasonable attorney's fees.

At the conclusion of a two day jury trial, the jury was presented with a "special verdict" sheet that included the following questions:

1. Under Count 1, did the defendant The Programmers' Consortium breach a contract between Karl Clark and The Programmers' Consortium?

2. State the amount of damages suffered by Mr. Clark as a result of the breach of contract by the defendant The Programmers' Consortium.

3. Under Count 2, did the defendant The Programmers' Consortium fail to pay wages due to Karl Clark at the conclusion of his employment?

4. What amount of wages are due to Karl Clark from The Programmers' Consortium?

5. Were the wages to Mr. Clark withheld in violation of the law and not as a result of a bona fide dispute between the parties?

As to the claim asserted in Count II, the jury received the following instructions:

If you find that The Programmers' Consortium withheld the wage of Mr. Clark in violation of the law and not as a result of a bonafide dispute, you may award Mr. Clark an amount of damages not exceeding three times the wage and reasonable counsel fees as other costs.

To recover damages under the Maryland Code Annotated, Labor and Employment Article Section 3–507, plaintiff has the burden of proving that there was no bona fide dispute between the plaintiff and the defendant concerning plaintiff's wages. To find there was no bona fide dispute between the plaintiff and the defendant, you must find that the defendant acted in bad faith and without any reasonable basis in refusing to pay the plaintiff the wages that he knew were owed to the plaintiff. An employee's right to compensation vest when the employee does everything required to earn the wages.

**554**

The record shows that the following transpired when the jury returned its verdict:

THE CLERK: Number one, under Count 1, did the defendant The Programmers' Consortium breached [sic] a contract between Karl [Clark] and The Programmers' Consortium?

THE FOREPERSON: Yes.

THE CLERK: Number 2, state the amount of damages suffered by Mr. Clark as a result of the breach of contract by the defendant The Programmers' Consortium.

THE FOREPERSON: $1.00 plus reasonable counsel fees.

THE CLERK: Three, under Count 2, did the defendant The Programmers' Consortium [fail] to pay wages due to Karl Clark at the conclusion of his employment?

THE FOREPERSON: Yes.

THE CLERK: What amount of wages are due to Karl Clark from The Programmers' Consortium?

THE FOREPERSON: $80,000.01.

THE CLERK: Were the wages to Mr. Clark withheld in violation of the law and not as a result of a bonafide dispute between the parties?

THE FOREPERSON: No.

THE CLERK: Did the plaintiff/counter defendant Karl Clark breach a contract between The Programmers' Consortium and Karl Clark?

THE FOREPERSON: No.

Petitioner's post-trial motions were accompanied by a memorandum that included the following arguments:

> 4. *There Is No Basis For An Award of [A]ttorney's Fees.*

Plaintiff filed a motion for attorney's fees and costs. The motion was filed prematurely, since judgment specifying an award of attorney's fees has not been entered by the Court. Nevertheless, the Court entered a judgment for attorney's fees. This was inappropriate under Maryland law.

The jury awarded damages of one dollar ($1.00) plus attorney's fees under Count I of the complaint for breach of contract. No attorney's fees were awarded under Count II, not [sic] could any fees have been awarded under Count II because the jury found that any failure to pay wages by defendant was no [sic] willful and was the result of a bona fide dispute.

The jury's award of attorney's fees under Count I was inappropriate. Maryland follows the "American Rule" which provides that attorney's fees are not recoverable in a breach of contract action unless specified in a written contract. *Wells Fargo Bank Minn., N.A. v. Diamond Point Plaza*, 171 Md.App. 70, 908 [A.2d] 684 (Md.App.2006). Even in a case alleging breach of contract for failing to pay wages, a prevailing plaintiff can only recover attorney's fees if there is a written employment contract that provides for payment of attorney's fees. *Stevenson v. Branch Banking & Trust Corp.*, 159 Md.App. 620, 861 A.2d 735, 756 (Md.App. 2004). In sum, there was no basis for the jury's award of attorney's fees for breach of contract and, accordingly, no basis for an award of attorney's fees in this case. The judgment must be amended to strike any award of attorney's fees.

An award of attorney's fees was also inappropriate under any statutory wage claim. The only case authority cited by plaintiff in support of this argument, *Friolo v. Frankel*, 373 Md. 501, 819 A.2d 354 (2003), states that an award of attorney's fees is only appropriate under § 3–501.1 if a jury makes a finding that the failure to pay wages was willful. The *same paragraph of Friolo* quoted in plaintiff's brief plainly states that attorney's fees are recoverable in a wage claim action "*only* in those situations where the employer acted willfully—in the absence of a bona fide dispute." *Id.* [at 517, 819 A.2d] at 364. This conclusion is mandated by the language of § 3–501.1, which plainly requires a finding that an employer acted willfully and without a bona fide dispute in failing to pay wages as a predicate to an award of attorney's fees. In this case, the jury verdict was that

defendant had not acted willfully or without a bona fide dispute in failing to pay wages. Accordingly, there is no basis for the claim of attorney's fees.

If the Court disagrees with the foregoing argument and awards attorney's fees, defendant contests the quantum of attorney's fees requested in this case. Defendant requests document production and discovery of attorney's fees and a hearing on the issue. Counsel for plaintiff repeatedly stated that he was handling this case on a contingency basis. It is [sic] appears that the record submitted by plaintiff in support of his claim for attorney's fees was created after the fact, and lumps large numbers of hours for work done over several months into a few time entries.

(Emphasis in original).

The Circuit Court denied Petitioner's motions and entered the following Order:

UPON CONSIDERATION of the Plaintiff's Motion for Attorney's Fees and Costs, Memorandum of Points and Authorities in Support thereof, ... Defendant The Programmer's Consortium, Inc.'s Opposition thereto, ... the parties having been heard, and the Court having found that the attorney's fees and costs are more than reasonable in light of the approximate two (2) year span of litigation, which included significant hours expended on a mediation, four (4) depositions, trial preparation, as well as, drafting and reviewing pleadings, letters, and other documents, it is hereby this 25th day of September, 2007, by the Circuit Court for Montgomery County

ORDERED, that the Plaintiff's Motion for Attorney's Fees and Costs, be and hereby is GRANTED,

ORDERED, that $41,100.00 in attorney's fees and $2,794.17 in costs be reduced to a Judgment in favor of the Plaintiff and again the Defendant, The Programmer's Consortium, Inc.[.]

Petitioner noted a timely appeal to the Court of Special Appeals. In *Programmers' Consortium, Inc. v. Karl Clark*, 180 Md.App. 506, 951 A.2d 914 (2008), while affirming the

judgment of the Circuit Court "in all other respects," the Court of Special Appeals vacated the award of attorney's fees and remanded the case for further proceedings on that issue. In doing so, the Court of Special Appeals stated:

> We fully agree with the appellant that the judge had no authority to award attorney's fees to the appellee for the breach of contract. The appellee, indeed, does not contest this.

* * *

> If an award could be properly authorized in this case, it could only be by virtue of the Wage Payment Act and, more specifically, by § 3–507.1(b).

* * *

> We agree with the appellant that under § 3–507.1(b) neither enhanced damages may be awarded nor may the payment of attorney's fee and costs be shifted to the non-prevailing party for an ordinary violation of the Wage Payment Act. Section 3–507.1(b) only comes into play when the basic violation is aggravated by the additional factor that the employer withheld the payment of wages without an even plausibly good reason for having done so, to wit, "not as a result of a bona fide dispute."

* * *

> Under § 3–507.1(b), there are two types of questions calling for decision. There is the substantive question of, "What must be decided?" There is, quite distinctly, the procedural question of "Who shall do the deciding?"

* * *

> The appellant ... asserts, as an axiom not subject to question, that the judge, as a matter of course, is bound by the jury's decision with respect to the threshold question.

* * *

The appellant relies exclusively on the legal argument that the jury's failure to find that the triggering event under § 3–507.1(b) occurred forecloses any such finding by the trial judge for his independent qualifying purposes.

Our holding to the contrary is that the trial judge is free to make such a qualifying determination for his purposes regardless of what the jury may have determined for its very different purposes.  Our holding, however, is that the judge, before proceeding with an award for attorney's fees, will be required to make such an actual threshold determination. . . . In this case, . . . we do not know whether the trial judge erroneously awarded attorney's fees for the breach of promise or permissibly awarded attorney's fees for the violation of the Wage Payment Law. . . . Even under the Wage Payment Law, moreover, an award of attorney's fees may not even be considered absent an affirmative threshold finding that the withholding of the wages "was not as a result of a bona fide dispute."

*Id.* at 520–22, 527, 531, 951 A.2d at 922–23, 926, 928.

Petitioner then requested that this Court issue a writ of certiorari to address the following questions:

a.  *Whether a trial judge may award attorney's fees against an employer for willfully failing to pay wages without a bona fide dispute under Maryland Labor and Employment § 3–507.1(b) where a jury has rendered a verdict with a specific finding that the employer did not fail to pay wages without a bona fide dispute.*

b.  *Whether a verdict is fatally flawed where a jury finds under Count I that an employee suffered one dollar in damages from employer's breach of a contract to pay wages and then finds, under Count II, that the employer under Maryland Labor and Employment Section 3–507. 1(a) when the ages claimed under Counts I and II were for the same services for the same time period and under the same contract of employment and whether*

*the jury verdict form, which contributed to the inconsistent verdict was flawed.*

We granted the petition. 406 Md. 192, 957 A.2d 999 (2008). Although Petitioner's brief includes other arguments that were also presented to the Court of Special Appeals, we shall consider only the issues raised in the petition for certiorari. Md. Rule 8–131(b)(1).

## Discussion

### I.

In *Higgins v. Barnes*, 310 Md. 532, 530 A.2d 724 (1987), while holding that a defendant in a specific performance action was entitled to a jury trial as to the issues raised in a counterclaim for damages, this Court stated:

Higgins' demand for a jury trial should have been granted as to the issues raised by her answer and counterclaim, and those issues should have been tried first. After a jury had determined Higgins' entitlement, if any, to damages resulting from deficiencies in construction, the trial judge should have determined whether specific performance was appropriate. The judgment entered by the court would reflect an adjustment in accordance with the finding of the jury, thereby giving full effect to Higgins' right to a jury trial.

*Id.* at 552, 530 A.2d at 734. (Footnote omitted).

In *Edwards v. Gramling Eng'g Corp.*, 322 Md. 535, 588 A.2d 793 (1991), *cert. denied*, 502 U.S. 915, 112 S.Ct. 317, 116 L.Ed.2d 259 (1991), while holding that the injunctive relief granted by the Circuit Court was consistent with the special verdict returned by a jury, this Court stated:

Federal courts have supplied guidance that assists us in our review of the instant case. First, federal courts have held that, where equitable claims are to be resolved by the court and legal claims are to be resolved by the jury, the judge is " 'without power' to reach a conclusion inconsistent with that of the jury." *Gutzwiller v. Fenik*, 860 F.2d 1317, 1333 (6th Cir.1988); *accord, Dybczak v. Tuskegee Institute*, 737 F.2d 1524, 1526–27 (11th Cir.1984), *cert. denied*, 469 U.S. 1211,

105 S.Ct. 1180, 84 L.Ed.2d 328 (1985). *See also* 5 J. Moore & J. Lucas, *Moore's Federal practice,* para. 38.13 (2d ed. 1988). Second, as the Supreme Court has recognized,

> "Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way. For a search for one possible view of the case which will make the jury's finding inconsistent results in a collision with that Seventh Amendment."

*Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines,* 369 U.S. 355, 364, 82 S.Ct. 780, 786, 7 L.Ed.2d 798, 807 (1962). *See also* 5A J. Moore & J. Lucas, *Moore's Federal Practice,* para. 49.03[4] at 39 (1990).

*Id.* at 543, 588 A.2d at 797.

In *Hawes v. Liberty Homes, Inc.,* 100 Md.App. 222, 640 A.2d 743 (1994), Judge Wilner, then Chief Judge of the Court of Special Appeals, explained that the holdings of *Higgins* and *Edwards* require the following procedure:

> [W]here issues presented in an action at law are triable before a jury, those issues must be presented to a jury notwithstanding that they are also raised in an additional or alternative equitable action, and that, in ruling upon the equitable claim, the court is bound by the jury's determination of the common issues. Quoting from *Gutzwiller v. Fenik,* 860 F.2d 1317, 1333 (6th Cir.1988), the [*Edwards*] Court noted the Federal rule that, where equitable claims are to be resolved by the court and legal claims are to be resolved by the jury, the judge is " 'without power' to reach a conclusion inconsistent with that of the jury."

*Id.* at 229, 640 A.2d at 746.

The procedure required by *Higgins* and *Edwards* is fully applicable to the case at bar, in which (1) Respondent requested that the jury award him treble damages, and (2) the jury's special verdict included a "no" answer to the question of whether Petitioner's withholding of Respondent's wages was not as a result of a bona fide dispute. Under these circumstances, because the jury answered "no" to question 5, the Circuit Court was bound by that determination.

In concluding that the Circuit Court was not bound by the jury's answer to question 5, the Court of Special Appeals noted that in *Admiral Mortgage, Inc. v. Cooper*, 357 Md. 533, 745 A.2d 1026 (2000), this Court stated that in a Wage Payment Act case, "although the discretionary additional damages is for the trier of fact to determine, the determination of attorney's fees, and costs, is for the judge." *Id.* at 553, 745 A.2d at 1036. In that case, because the jury had decided that the employee was entitled to enhanced damages, the Circuit Court had the power to award attorney's fees and costs. That case, however, does not hold that the Circuit Court has the power to award attorney's fees and costs even if the jury had found in the employer's favor on the issue of whether the decision to withhold wages was or was not because of a bona fide dispute. On remand, the Circuit Court had the power to grant the employee's claim for attorney's fees and costs, as well as the power to deny that claim for other reasons, but the Circuit Court was not empowered to deny that claim on the ground that the wages had been withheld "as a result of a bona fide dispute."

In the case at bar, the Court of Special Appeals also concluded that, in *Friolo v. Frankel*, 403 Md. 443, 942 A.2d 1242 (2008) (*Friolo III*),[2] this Court "cleared up" the issue of whether the Circuit Court is bound by the jury's decision, stating:

> The issue of enhanced damages pursuant to § 3–507.1(b) had been submitted to the jury in *Friolo v. Frankel*. The jury did not find that the employer's withholding of the employee's wages was "not the result of a bona fide dispute." Accordingly, it did not award enhanced damages to the employee. By the appellant's reckoning, that circumstance would absolutely foreclose any possibility of an attorney's fee being awarded to the employee for the violation of

---

**2.** Both this Court and the Court of Special Appeals have referred to *Friolo v. Frankel*, 373 Md. 501, 819 A.2d 354 (2003) as *"Friolo I,"* and to *Frankel v. Friolo*, 170 Md.App. 441, 907 A.2d 363 (2006) and *"Friolo II."*

the Wage Payment Law. The necessary trigger, such argument ran, had never been pulled.

The Court of Appeals in *Friolo III*, however, nonetheless remanded the case to the trial court for its independent determination of whether an award of attorney's fees to the employee should be made.

180 Md.App. at 527–28, 951 A.2d at 926.

To determine what factual findings the *Friolo* jury did—and did not—make, it is necessary to examine the "special verdict" sheet in the record of that case. We take judicial notice that the SPECIAL VERDICT FORM in the *Friolo* record contains the following questions and answers:

1. Do you find that Defendants have failed to pay Plaintiff Joy Friolo all bonus monies that they were obligated to pay her?

   __✓__     _____
    Yes        No

   If you answered "yes", please go on to # 2. If you answered "no", please go on to # 4.

2. If your answer to # 1 above is "yes", how much in bonus monies to you find that Defendants owe Plaintiff Friolo?

   $ 6841

3. If you awarded a sum to Plaintiff Friolo under # 2 above, how much in additional damages, if any (up to three times the amount set forth in # 2), do you award to Plaintiff Friolo?

   $ 0

4. Do you find that Defendants have failed to pay Plaintiff Joy Friolo all overtime pay that they were obligated to pay her?

   __✓__     _____
    Yes        No

   If you answered "yes", please go on to # 5. If you answered "no", please go on to # 6.

5. If your answer to # 4 above is "yes", how much in overtime pay do you find that Defendants owe Plaintiff Friolo?

$ 4937.55

6. If you awarded a sum to Plaintiff Friolo under # 5 above, how much in additional damages, if any (up to three times the amount set forth in # 5), do you award to Plaintiff Friolo?

$ 0

Although the *Friolo* jury did not award any additional damages, that jury was not asked to answer the precise question that was answered by the jury in the case at bar: Were the wages owed to the employee withheld in violation of the law rather than as a result of a bona fide dispute between the parties? Because (1) a jury may not award enhanced damages unless it finds that the employee's wages were not withheld as a result of a bona fide dispute, but (2) a jury may decide not to award enhanced damages even though it is persuaded that the wages were not withheld as a result of a bona fide dispute, the remand in *Friolo* did not violate the procedure required by *Higgins* and *Edwards*.

In *Edwards, supra*, this Court stated:

Situations such as the one at bar were contemplated by [Md. Rule 2–522(c) ]. "[A] special verdict may be required if the court is to make factual findings on equitable claims following the entry of a verdict." *Maryland Rules Commentary* at 311. Niemeyer and Richards explain,

"Any issues not submitted to the jury by way of a special question are decided by the court following the entry of a verdict. The failure to counsel to request a question on a particular issue or to object to the failure to include a question on a particular issue constitutes a waiver of the right to trial by jury on that issue. It is therefore critical to review all questions to ensure that all facts and issues to be submitted to the jury have been covered by the questions."

*Id.* at 312. Thus, it is counsel's responsibility to assure that all critical issues are submitted to the jury. The judge may

fill in the gaps when necessary to resolve issues remaining after entry of a special verdict.

*Id.* at 549, 588 A.2d at 800.

Unlike *Admiral Mortgage Inc.*—in which the jury decided that the employee was entitled to enhanced damages, and unlike *Friolo*—in which the jury was not asked the precise question of whether the wages owed to the employee had been withheld in violation of the law rather than as a result of a bona fide dispute between the parties, there were no "gaps" to be "filled in" by the Circuit Court in the case at bar. Because the jury answered "no" to the precise question of whether the wages owed to Respondent had been withheld in violation of the law rather than as a result of a bona fide dispute between the parties, the Circuit Court was without power to award counsel fees and costs under LE § 3-507.1(b).

## II.

Although there is no merit in the argument that the jury's verdict was "fatally flawed," Respondent is not entitled to an award of damages under both counts. We therefore direct that judgment be entered in favor of Respondent on Count II only.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED IN PART AND REVERSED IN PART; CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT, AND TO REMAND TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY FOR ENTRY OF JUDGMENT IN FAVOR OF RESPONDENT ON COUNT II, AND ENTRY OF JUDGMENT IN FAVOR OF PETITIONER ON RESPONDENT'S CLAIM FOR ATTORNEY'S FEES AND LITIGATION COSTS; COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE DIVIDED EQUALLY BETWEEN PETITIONER AND RESPONDENT.**