575 A.2d 335

# MARYLAND STATE DEPARTMENT OF HEALTH AND MENTAL HYGIENE

v.

## Edward G. PHOEBUS.

No. 126, Sept. Term, 1988.

Court of Appeals of Maryland.

June 26, 1990.

Andrew H. Baida, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Ralph S. Tyler and Daniel J. O'Brien, Jr., Asst. Attys. Gen., on brief), Baltimore, for petitioner.

Robin R. Cockey (Banks, Nason, Hickson & Sullivan, P.A., on brief), Salisbury, for respondent.

Argued before MURPHY, C.J., ELDRIDGE, RODOWSKY, McAULIFFE, and ADKINS, JJ., BLACKWELL,* J. (retired), and JAMES F. COUCH, Jr.,** J. (retired, specially assigned).

ELDRIDGE, Judge.

Edward G. Phoebus was employed by the State of Maryland for 18 years. For the last 13 years of his employment he was Director of Deer's Head Center, which is a facility of the State Department of Health and Mental Hygiene (DHMH). Mr. Phoebus was an unclassified employee while he was Director of Deer's Head Center.

On October 1, 1986, Mr. Phoebus had a telephone conversation with his immediate supervisor, Dr. Patricia Smith, and the conversation became quite heated. Soon after the conversation, Mr. Phoebus was telephoned by an aide to Dr. Smith and informed that he was suspended without pay for the rest of the day. Mr. Phoebus appealed his suspension to the Department of Personnel pursuant to Maryland Code

---

* Blackwell, J., now retired, participated in the hearing and conference of this case while an active member of this Court but did not participate in the decision and adoption of this opinion.

** Couch, J., participated in the hearing of the case and in the conference in regard to its decision, but died prior to the adoption of the opinion of the Court.

(1957, 1983 Repl.Vol.), Art. 64A, §§ 52 & 53, and COMAR 06.01.01.57.

A Department of Personnel hearing on Mr. Phoebus's appeal was held on November 20, 1986. On the following day, a Friday, Dr. Janet Neslen, an Acting Assistant Secretary of Health and Mental Hygiene, telephoned Mr. Phoebus and informed him that she would visit Mr. Phoebus in his office on Monday, November 24, 1986. When Dr. Neslen arrived at Mr. Phoebus's office on Monday, she gave Mr. Phoebus two letters. One letter was a resignation letter which Mr. Phoebus refused to sign. The other letter stated that Dr. Neslen had been dissatisfied with Mr. Phoebus's management of Deer's Head Center and that she was terminating Mr. Phoebus's employment. The letter further stated that he would remain on the payroll for an additional two weeks, but that the termination was effective that day.[1] The locks on Mr. Phoebus's office door were also changed that day.

Mr. Phoebus appealed his termination to the Department of Personnel pursuant to COMAR 06.01.01.60. On January 6, 1987, a pre-hearing conference was held before an Employee Relations Hearing Officer of the Department of

---

1. The termination letter reads as follows:
   "Dear Mr. Phoebus:
   "For some time I have been dissatisfied with your management of the Deer's Head Hospital Center. I regret to advise you that it has become necessary for me to terminate your services from Deer's Head Center as Superintendent. Your last working day will be Monday, November 24, 1986. You will remain on payroll for an additional two week period through December 8, 1986.
   "Please arrange for an orderly and proper exit from the Center by the close of business, Monday, November 24, 1986 in accordance with existing Center policies and procedures.
   "You may submit a written appeal to the Secretary of the Department of Personnel within 5 working days after receipt of this letter. That appeal may be mailed to: John F.X. O'Brien, Secretary of Personnel, 301 West Preston Street, Baltimore, Maryland 21201.
   "Sincerely,
   /s/ Janet W. Neslen
   "Janet W. Neslen, M.D.
   Acting Assistant
   Secretary for Health"

Personnel.   At that conference, Mr. Phoebus moved to rescind the termination on the ground, *inter alia*, that "the termination was improper since the action was taken by an acting Assistant Secretary of Health and Mental Hygiene and not the appointing authority as contemplated by law...." Two days after the prehearing conference, the hearing officer filed an opinion in which he rejected this argument, holding that because "the Acting Assistant Secretary of Health and Mental Hygiene was the Program Head responsible for supervision of Deer's Head Center [, she] was a proper appointing authority."   The hearing officer also rejected, as a matter of law, several other arguments contained in Mr. Phoebus's motion to rescind the termination.[2]   The hearing officer concluded by stating that a hearing would be held to "consider the issue of whether the termination of Mr. Phoebus was illegal because it was taken in retaliation for his protected activity of appealing a disciplinary action."

A hearing was held before the same hearing officer on March 3, 1987, and on April 13, 1987, the hearing officer issued an order containing findings of fact and conclusions of law.   In upholding the termination, the hearing officer found that Mr. Phoebus failed to prove that "he would not have been terminated had he not appealed the disciplinary suspension he was given."

---

[2]   In addition to the argument relating to the proper appointing and removing authority, Mr. Phoebus had argued that the order that he vacate immediately Deer's Head Center violated a requirement that he be given two weeks notice, that the notice of termination was improper in that it was not sent to the Secretary of Personnel, and that the State had the burden of proving that the termination was justified. The hearing officer ruled that because Mr. Phoebus was allowed to remain on the payroll for two weeks, the requirement of two weeks notice was satisfied.   He further ruled that there was no evidence of a failure properly to notify the Secretary of Personnel.   The hearing officer held that because Mr. Phoebus was an unclassified employee, COMAR 06.01.01.60A limited the grounds on which Mr. Phoebus could challenge the termination to legal or constitutional grounds, and required that Mr. Phoebus demonstrate that the termination was illegal or unconstitutional.

Mr. Phoebus then filed this action in the Circuit Court for Worcester County for judicial review of the Department of Personnel's decision. The circuit court (Eschenburg, J.), in an extensive opinion, reviewed all of the issues raised in the administrative proceedings. Finding that there was substantial evidence both ways as to whether Mr. Phoebus was terminated in retaliation for appealing his one day suspension, the circuit court upheld the administrative finding on this question.

The circuit court, however, reversed the administrative decision on the ground that Mr. Phoebus had not been terminated by his appointing authority. The court initially pointed to the evidence showing that Mr. Phoebus had been hired as Director of Deer's Head Center by the Secretary of Health and Mental Hygiene but that he had been terminated by an Acting Assistant Secretary for Health. The court also pointed out that, under the pertinent statutes and COMAR regulations, the Secretary of Health and Mental Hygiene was the appointing and removing authority. The circuit court referred to Department of Personnel regulations providing that the "appointing authority may terminate the employment of an unclassified employee"[3] and defining "appointing authority" as "the commission, board, or officer having the power, by virtue of a statute, or by reason of lawfully delegated authority, to make appointments."[4] The court observed that, although Mr. Phoebus had raised this issue as early as the pre-hearing conference, citing the appropriate statutes and regulations, the "State completely failed and did not even attempt to offer any law, rule, regulation or evidence which would demonstrate that the Assistant Secretary for Health was an 'appointing authority' or had been delegated this authority. Indeed, nothing was offered to support the State's position either at the pre-hearing conference, the hearing itself or, for that mat-

---

3. COMAR 06.01.01.62A.

4. COMAR 06.01.01.01B(1) (Supp. 8).

ter, in this court." With regard to the hearing officer's conclusion on this issue, the circuit court stated that "[t]he fact that the Assistant Secretary for Health was 'responsible for supervision' does not grant her the authority to 'make appointments.' If the Assistant Secretary ... cannot 'make appointments,' she is not an 'appointing authority,' and if she is not an appointing authority and such powers were not delegated to her, then ... she lacked the authority to fire Phoebus, and this court so finds."

The circuit court ordered that Mr. Phoebus be reinstated with back pay. DHMH appealed to the Court of Special Appeals which affirmed the circuit court's decision in an unreported opinion. The Court of Special Appeals adopted the circuit court's opinion.

Thereafter DHMH filed in this Court a petition for a writ of certiorari, presenting the single question: "does the State have a burden to prove that an unclassified employee was properly terminated by his appointing authority?" DHMH pointed out that because Mr. Phoebus was an unclassified employee, a Department of Personnel regulation placed the burden upon him to prove that he was not lawfully terminated. DHMH complained that, notwithstanding this regulation, both courts below placed the burden upon DHMH to show that Mr. Phoebus was terminated by his appointing authority. According to DHMH, the burden of proof ruling in this case will have "a potentially wide-ranging and highly adverse impact on all administrative proceedings to terminate unclassified employees." (Petition for Certiorari, p. 2). We granted DHMH's petition.

It is clear that, under the relevant statutes and regulations, the appointing and removing authority with regard to the Director of the Deer's Head Center was the Secretary of Health and Mental Hygiene. Code (1982, 1990 Repl. Vol.), § 2–103(b) of the Health–General Article provides as follows:

"(1) The Secretary may employ a staff in accordance with the State budget.

\*     ⚬     \*     ⚬     \*     \*

"(3) Unless otherwise provided by law, and except as provided in paragraph (5) of this subsection, the Secretary shall appoint and remove all other staff in accordance with the provisions of the State Merit System Law.

"(4) The appointment or removal of staff of any unit in the Department is subject to the approval of the Secretary. As to any unit in the Department, the Secretary may delegate this authority to the head of that unit.

"(5) All personnel in the Department, Grade 18 and above, who administer or direct a program, shall:

(i) Be exempt from the State Merit System; and

(ii) Be appointed by, and serve at the pleasure of, the Secretary."

\*        \*        \*        \*        \*        \*

See COMAR 06.01.01.62A and COMAR 06.01.01.01B(1). See also Townsend v. Kurtz, 83 Md. 331, 341–342, 34 A. 1123 (1896). DHMH does not dispute that, under the law, the Secretary was the appointing and removing authority with regard to Mr. Phoebus. DHMH's position is that the statutory provisions authorize the Secretary to delegate this authority. DHMH argues that, because the burden was on Mr. Phoebus to show that his termination was illegal, it was incumbent upon Mr. Phoebus to prove that the Secretary had not delegated removing authority to Acting Assistant Secretary Neslen.[5]

We agree with DHMH that the burden was upon Mr. Phoebus to demonstrate that his termination was illegal. From this, however, it does not follow that Mr.

---

5. Section 2–103(b)(4) of the Health–General Article provides in part: "As to any unit in the Department, the Secretary may delegate this [appointing and removing] authority to the head of that unit." As to the enumeration of the "units in [the] Department," see § 2–106 of the Health–General Article. Both parties and the courts below have apparently assumed that Dr. Neslen was the head of a "unit" within the meaning of § 2–103(b)(4), that, therefore, a delegation of removing authority to Dr. Neslen would be lawful, and that the only question relates to whether there had in fact been such delegation of authority. For purposes of this case, we shall proceed upon the same assumption.

Phoebus was required to show that the Secretary had not delegated removing authority to Dr. Neslen. In our view, DHMH's argument confuses the burden of proof, or risk of nonpersuasion as it is sometimes called, with the duty of going forward with evidence. *See, e.g., Fike v. Harshbarger,* 273 Md. 586, 590–591, 332 A.2d 27, 29 (1975) ("Although the burden of proof remained with those attacking the validity of the deed, once a prima facie case had been made out, as was done here, the duty of going forward with the evidence shifted to the other side"); *Parish v. Milk Producers Ass'n,* 261 Md. 618, 691–692, 277 A.2d 19, 53, *cert. denied,* 404 U.S. 940, 92 S.Ct. 280, 30 L.Ed.2d 253 (1971) ("The burden of proof, i.e., the risk of non-persuasion, never shifts from the party on whom it is placed. The burden of going forward with the evidence may shift during the course of trial"); *Macht v. Hecht Co.,* 191 Md. 98, 101, 59 A.2d 754 (1948); *Crowther v. Hirschmann,* 174 Md. 100, 109, 197 A. 868 (1938).

During the Department of Personnel administrative proceedings, Mr. Phoebus established that, under the pertinent statutes and regulations, the Secretary of Health and Mental Hygiene was the official having the authority to remove Mr. Phoebus from his position. Mr. Phoebus then showed, as a factual matter, that he had not been removed by the Secretary but had been removed by an Acting Assistant Secretary for Health. The termination letter was introduced, and it indicated on its face that the termination was solely the decision of the Acting Assistant Secretary. Neither the letter nor the testimony suggested that the removal decision had been approved by the Secretary or that removing authority had been delegated to the Acting Assistant Secretary. It was also established that no statutory provision or published regulation delegated the Secretary's appointing or removing authority to an Assistant Secretary for Health. When all of this had been disclosed, there arose a prima facie case that Mr. Phoebus had not been terminated by someone having the authority to do so. The duty of presenting evidence rebutting the prima facie case

shifted to DHMH. Under the circumstances, it was incumbent upon DHMH to show that the Secretary had in fact delegated removing authority to Dr. Neslen.

Moreover, when it was shown that no statute or published regulation delegated removing authority from the Secretary to an Assistant Secretary for Health, it became apparent that delegation was a fact peculiarly within the knowledge of DHMH. Whether the Secretary had promulgated an unpublished order or directive which delegated removing authority to an Assistant Secretary for Health is an internal DHMH administrative matter. If an order or directive of this nature existed, DHMH would be the party having the knowledge of it and the ability to produce it. As pointed out by Chief Judge Sobeloff for the Court in *Lake v. Callis*, 202 Md. 581, 587, 97 A.2d 316 (1953), "[i]t is a rule grounded in common sense that the burden of proving a fact is on the party who presumably has peculiar means of knowledge enabling him to prove" it. While this general principle is far from absolute, it is applicable in the present case. *See also Clinton Petroleum v. Norris*, 264 Md. 15, 18–19, 284 A.2d 413, 415 (1971); *District Hgts. Apts. v. Noland Co.*, 202 Md. 43, 50, 95 A.2d 90 (1953).

■ Cases in other jurisdictions appear to agree that when a public employee challenges the legality of his removal, and shows that he was not terminated by the official having the authority under the law to do so, the burden of showing that the authority had been properly delegated shifts to the employer. *See, e.g., Blanton v. Griel Memorial Psychiatric Hosp.*, 758 F.2d 1540, 1544 (11th Cir.1985); *Johnson v. Southern University*, 551 So.2d 1348, 1358–1359 (La.App.1988), *cert. denied*, 553 So.2d 475 (La.1989); *Foster v. Commonwealth State Civil Service Com'n*, 314 A.2d 539, 542 (Pa.Cmwlth.1974). *See also Tomlin v. Personnel Appeal Bd.*, 177 Conn. 344, 416 A.2d 1205, 1206–1207 (1979); *Bennett v. Division of Administration*, 307 So.2d 118, 123 (La.App.1974), *cert. denied*, 310 So.2d 841 (La.1975).

Mr. Phoebus established that he was not terminated by the official who possessed the authority, under the law, to do so. DHMH utterly failed to show that this authority had been delegated to the person who purported to remove him. Consequently, the circuit court and the Court of Special Appeals correctly held that Mr. Phoebus's termination was illegal.

JUDGMENT AFFIRMED, WITH COSTS.