*Muriel Peters v. Early Healthcare Giver, Inc.*, No. 86, September Term, 2013, Opinion by Adkins, J.

**MD. CODE (1991, 2008 REPL. VOL., 2013 CUM. SUPP.), TITLE 3 OF THE LABOR AND EMPLOYMENT ARTICLE — INCLUSION OF OVERTIME WAGES IN THE DEFINITION OF WAGES:**  Overtime wages are included within the statutory definition of wages, and are thus recoverable under the Maryland Wage and Hour Law, and the Maryland Wage Payment and Collection Law.

**MD. CODE (1991, 2008 REPL. VOL., 2013 CUM. SUPP.), § 3-507.2 OF THE LABOR AND EMPLOYMENT ARTICLE — RECOVERY OF UNPAID WAGES – – REQUIRED FINDING REGARDING WITHHOLDING OF WAGES PURSUANT TO A BONA FIDE DISPUTE:**  When a finder of fact determines that an employee is owed withheld wages under the Maryland Wage Payment and Collection Law, it is required to make an explicit determination as to whether those wages were withheld by the employer pursuant to a bona fide dispute, before determining whether to grant enhanced damages.

**MD. CODE (1991, 2008 REPL. VOL., 2013 CUM. SUPP.), § 3-507.2 OF THE LABOR AND EMPLOYMENT ARTICLE — NO PRESUMPTION OF TREBLE DAMAGES WHEN WAGES WITHHELD PURSUANT TO BONA FIDE DISPUTE:**  An employee is not presumptively entitled to an award of enhanced damages under the Maryland Wage Payment and Collection Law, even if a finder of fact determines that an employer withheld wages not pursuant to a bona fide dispute.

**MD. CODE (1991, 2008 REPL. VOL., 2013 CUM. SUPP.), § 3-507.2 OF THE LABOR AND EMPLOYMENT ARTICLE — CALCULATION OF TREBLE DAMAGES:** The plain language of the Maryland Wage Payment and Collection Law shows that the total award available to an employee is three times the withheld wage.  Thus, enhanced damages are not added to the award of withheld wage.

Circuit Court for Montgomery County
Case No. 331908
Argued: April 29, 2014

IN THE COURT OF APPEALS

OF MARYLAND

No. 86

September Term, 2013

MURIEL PETERS

v.

EARLY HEALTHCARE GIVER, INC.

Barbera, C.J.,
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

Opinion by Adkins, J.

Filed: August 13, 2014

In this case we are asked to answer three questions concerning the Wage Payment and Collection Law ("WPCL"), Md. Code (1991, 2008 Repl. Vol., 2013 Cum. Supp.), § 3-501 *et seq.* of the Labor and Employment Article ("LE"), a cause of action frequently litigated in the appellate courts. In answering these questions we are treading new ground on some, but not all of them.

## FACTS AND LEGAL PROCEEDINGS

Appellant Muriel Peters worked as a certified nursing assistant for Early Healthcare Giver, Inc. ("EHCG") from April 2008 to April 2009. Peters provided in-home care for an elderly patient throughout her employment with EHCG. She consistently worked 119 hours in every two-week pay period. EHCG paid Peters $12 per hour for all of her work, including the hours she worked in excess of 40 hours per week.

Following her departure from EHCG, Peters sued EHCG in the Circuit Court for Montgomery County, claiming that EHCG wrongfully withheld her overtime wages. At trial, EHCG's President, Esther Guy, conceded that she did not pay Peters overtime. Guy explained that she did not think that Peters was owed overtime because Peters exercised during work hours. Regarding the nature of Peters's employment, Guy explained that Peters was paid under a federal program under which Medicaid would pay EHCG $16 per hour under the contract—EHCG would pay Peters $12 per hour and EHCG kept $4. *See* Social Security Act, 42 U.S.C. § 1395k(a)(2)(A) (2012). EHCG's counsel argued that because the company operated under a federal program, federal law governed EHCG's payment of home healthcare workers. Under that theory, Peters's work fell under the Fair

Labor Standards Act's (the "FLSA") "companionship services" exemption label,[1] thus, she was not entitled to overtime pay. *See* 29 U.S.C. 213(a)(15). The trial court denied Peters's claim for overtime wages. Though the court rejected Guy's claim that overtime was withheld because Peters exercised at work, the court explained that federal law preempted Maryland law, and exempted the employer from paying overtime.

Peters appealed to the Court of Special Appeals. The intermediate appellate court held that the trial court erred in concluding that federal law preempted state wage laws.[2] Because the Court of Special Appeals held that the FLSA exemption did not apply, the case was remanded "for the [trial] court to consider whether Peters is entitled to recover [overtime wages] under the Maryland Wage and Hour Law and the Maryland Wage Payment and Collection Law as well as other issues raised in her complaint."

On remand to the Circuit Court, Peters filed an unopposed memorandum asserting a claim under the Wage and Hour Law ("WHL") and the WPCL, requesting unpaid overtime and treble damages under LE § 3-507.2(b).[3] She did not offer any additional

---

[1] It was undisputed at trial that Peters performed personal care work that would fall under "companionship services."

[2] EHCG did not participate in the appeal before the Court of Special Appeals.

[3] This section provides that if:

> [A] court finds that an employer withheld the wage of an employee in violation of this subtitle and not as a result of a bona fide dispute, the court may award the employee an amount not exceeding 3 times the wage, and reasonable counsel fees and other costs.

evidence. On March 28, 2013, the Circuit Court awarded Peters $6,201 in unpaid overtime wages, but denied her request for enhanced damages.

Peters appealed the order to the Court of Special Appeals and filed a Petition for Writ of Certiorari to this Court. Before the Court of Special Appeals could hear the case, we granted Peters's petition to consider the following questions, which we have rephrased for clarity:

> 1. Are overtime wages recoverable under the Maryland Wage Payment and Collection Law?
>
> 2. Is it an abuse of discretion for a trier of fact to fail to award enhanced damages under § 3-507.2(b) of the Maryland Wage Payment and Collection Law when there is no claim of a bona fide dispute?
>
> 3. Should any award of up to treble damages under the Maryland Wage Payment and Collection Law be made in addition to the award of unpaid wages?

For the following reasons, we answer the first question in the affirmative and answer the second and third in the negative. Yet, because the trial court failed to make a required predicate finding, and there was no evidence to support a finding of a bona fide dispute, we remand this case for further proceedings.

## DISCUSSION

### *Overtime Wages Under The Wage Payment And Collection Law*

Maryland has two wage enforcement laws relevant to this case: the WHL and the WPCL. The WHL aims to protect Maryland workers by providing a minimum wage

---

Md. Code (1991, 2008 Repl. Vol., 2013 Cum. Supp.), § 3-507.2(b) of the Labor and Employment Article ("LE").

3

standard. *See* LE § 3-402. The WPCL requires an employer to pay its employees regularly while employed, and in full at the termination of employment. LE §§ 3-502, 3-505. Read together, these statutes allow employees to recover unlawfully withheld wages from their employer, and provide an employee with two avenues to do so. *Battaglia v. Clinical Perfusionists, Inc*., 338 Md. 352, 364, 658 A.2d 680, 686 (1995) (the WPCL's "principal purpose was to provide a vehicle for employees to collect, and an incentive for employers to pay, back wages.").

Both Peters and the Commissioner of Labor and Industry (the "Commissioner"), appearing as *amicus curiae*,[4] argue that this Court has already resolved whether overtime pay is recoverable under the WPCL. Peters relies on our decision in *Friolo v. Frankel*, 373 Md. 501, 819 A.2d 354 (2003) ("*Friolo I*") to support her argument that the WPCL not only concerns the timing of payments, but any dispute over entitlement of wages. In *Friolo I*, we explicitly held that an employee "was entitled to sue under [the WHL and the WPCL] to recover any overtime pay that remained due after termination of her employment." 373 Md. at 515, 819 A.2d at 362. Peters also claims that because this Court applies the WPCL's "bona fide dispute" provision to all disputes generally regarding an employee's entitlement to wages, the statute cannot possibly be interpreted to affect violations of time only. *See* LE § 3-507.2(b); *see Ocean City, Md., Chamber of Commerce, Inc. v. Barufaldi*, 434 Md. 381, 400, 75 A.3d 952, 963 (2013) (analyzing a bona fide dispute under the WPCL to mean "[a dispute] as to the plaintiff's entitlement to the withheld wages[.]").

---

[4] EHCG did not participate in this appeal.

4

This Court recently addressed the WPCL's scope in *Marshall v. Safeway, Inc.*, where we repeated our rejection of a narrow reading of the WPCL that would exclude coverage for overtime claims. 437 Md. 542, 562, 88 A.3d 735, 746 (2014). We were called upon to do so in the face of federal court decisions that continued to restrict its application to regular wages.[5] These decisions were hard to understand in light of a 2010 amendment to the WPCL enacted specifically to clarify any doubt about the intended scope of the statute.[6] We echo, hopefully for the final time, that both the WHL and the WPCL are vehicles for recovering overtime wages.[7] Without a doubt, Peters has a right to bring

---

[5] *See McLaughlin v. Murphy*, 372 F. Supp. 2d 465, 474–75 (D. Md. 2004) (finding that the enhanced damage award under the WPCL only applies to disputes concerning timing of payment); *Williams v. Maryland Office Relocators*, 485 F. Supp. 2d 616, 622 n.4 (D. Md. 2007) (distinguishing the plaintiff's claim under the WPCL in *Friolo* because the wages were due after termination). Under this reasoning, any withheld overtime claims by current employees must be brought exclusively under the WHL and the FLSA, its federal counterpart. *Williams*, 485 F. Supp. 2d at 622 n.4.

[6] In response to these decisions, the Legislature amended the WPCL by adding "overtime wages" to the statute's definition of "wages" for the sole purpose of "correct[ing] . . . . [t]he 2004 holding in *McLaughlin v. Murphy* and the 2007 holding in *Williams v. Maryland Office Relocators, Inc.* [that] misinterpreted our state law to say that Marylanders who are owed overtime cannot seek the full damages they are owed from employers who fail to properly pay them overtime." *See* Del. Josephine A. Peña-Melnyk, Testimony on House Bill 214 (House Econ. Matters Comm. Feb 18, 2010 and Sen. Fin. Comm. April 1, 2010); *see also* 2010 Md. Laws, ch. 99 (S.B. 694); 2010 Md. Laws, ch. 100 (H.B. 214) (hereinafter "2010 Amendment").

[7] Even before the 2010 Amendment, this Court recognized that the Labor and Employment Article applied a uniform definition of "wage" that included overtime pay: "[G]iven the multiple uniform definitions of 'wage' throughout the Labor and Employment Article, to read 'wage' narrowly to exclude overtime compensation . . . would produce a 'farfetched, absurd, or illogical result[.]'" *Montgomery County v. Deibler*, 423 Md. 54, 71, 31 A.3d 191, 201 (2011) (quoting *Kilmon v. State*, 394 Md. 168, 177, 905 A.2d 306, 311 (2006)).

a private cause of action under the WPCL to recover any unlawfully withheld overtime wages.

### Challenges To The Trial Court's Refusal To Grant Enhanced Damages

Appellant argues that she was wrongfully denied treble damages under the WPCL. She presents three interrelated arguments that the court's order was erroneous. First, she claims that the court erred when it failed to make an explicit finding regarding whether EHCG withheld overtime wages as a result of a bona fide dispute. Second, Appellant urges that the court could not have reasonably concluded that EHCG withheld the wages as a result of a bona fide dispute. Finally, she avers that the court abused its discretion by declining to award her treble damages. Because of this error, Appellant requests that we remand this case to the Circuit Court for Montgomery County with instructions that she be awarded the full amount of treble damages under the WPCL. We address each of these arguments in turn.

A brief review of the prior appeal in this case and the proceedings on remand is helpful to our discussion. In the prior appeal, the Court of Special Appeals held that EHCG's federal preemption defense was legally incorrect and remanded this case for the Circuit Court to determine whether Peters could recover under the WHL and WPCL. Back at the trial court, Appellant insisted that no trial or further evidentiary hearing was necessary and EHCG did not appear. The Circuit Court requested a memorandum of law from Peters regarding the propriety and the amount of damages under the WHL and WPCL, and scheduled oral argument. In her memorandum, Peters argued that EHCG did not withhold overtime as a result of a bona fide dispute, and that she was entitled to the full

6

amount of enhanced damages pursuant to LE § 3-507.2(b). The court subsequently granted

Peters the withheld overtime wages, but denied any enhanced damages, without

explanation.[8]

*No Finding Regarding Bona Fide Dispute*

In granting the unpaid wages pursuant to the WHL and the WPCL, the trial court

was required to make a predicate finding as to whether the wages were withheld pursuant

to a bona fide dispute. *See Friolo I*, 373 Md. at 530, 819 A.2d at 371 (remanded in part

because "the jury made no predicate finding of a lack of a bona fide dispute."). In

*Programmers' Consortium, Inc. v. Clark*, this Court recognized that a trier of fact "may

not award enhanced damages unless it finds that the employee's wages were not withheld

as a result of a bona fide dispute[.]" 409 Md. 548, 563, 976 A.2d 290, 299 (2009). For

this reason, we approved the ruling of the Court of Special Appeals that the trier of fact

"'will be required to make such an actual threshold determination'" regarding a bona fide

dispute before proceeding to the question of enhanced damages. *Programmers'*

*Consortium*, 409 Md. at 558, 976 A.2d at 296 (quoting *Programmers' Consortium, Inc. v.*

*Clark*, 180 Md. App. 506, 531, 951 A.2d 914, 928 (2008)).

We will normally imply a finding of fact if the conclusion that the court reaches

requires that finding, and there is evidence in the record to support it. *See, e.g., Edmonds*

*v. State*, 372 Md. 314, 337 n.13, 812 A.2d 1034, 1047 n.13 (2002) ("Sometimes the record

is adequate for a reviewing court to find that the trial judge *implicitly* ruled on" a predicate

---

[8] No hearing appears to have occurred.

fact) (emphasis in original). Yet here, there is nothing to suggest that the court decided the question of bona fide dispute, one way or the other, and we will not imply a finding under these circumstances. Because the court did not make the required predicate finding regarding a bona fide dispute, it erred. This error, however, may be moot if Peters is successful in her next contention.

*Evidence Of A Bona Fide Dispute*

Peters next argues that whatever the judge intended, the evidence simply did not support a finding that EHCG withheld her wages pursuant to a bona fide dispute. We have previously defined a "bona fide dispute" as "a legitimate dispute over the validity of the claim or the amount that is owing[]" where the employer has a good faith basis for refusing an employee's claim for unpaid wages. *Admiral Mort., Inc. v. Cooper*, 357 Md. 533, 543, 745 A.2d 1026, 1031 (2000). The inquiry into whether an employer's withholding of wages was the result of a bona fide dispute is one concerned with the employer's "'actual, subjective belief that the party's position is objectively and reasonably justified.'" *Barufaldi v. Ocean City, Md. Chamber of Commerce, Inc.*, 206 Md. App. 282, 293, 47 A.3d 1097, 1103 (2012) (quoting *Friolo v. Frankel*, 201 Md. App. 79, 130 n.42, 28 A.3d 752, 783 n.42 (2011), *vacated on other grounds*, 438 Md. 304, 91 A.3d 1156 (2014)); *see also Admiral Mortgage*, 357 Md. at 541, 745 A.2d at 1030. It is well settled that a plaintiff carries the initial burden of proving that he or she in fact performed the work that was inadequately compensated.

The WPCL is silent, though, on which party carries the burden of production with respect to showing a bona fide dispute. Because we have not considered this question

8

directly, we look to other states for guidance. We have found only a few cases addressing the issue where the statute is silent. These cases have placed the burden of proof on the employer oftentimes because of the employer's knowledge of its own mental state. *See, e.g., Washington State Nurses Ass'n v. Sacred Heart Med. Ctr.*, 175 Wash. 2d 822, 834, 287 P.3d 516, 521–22 (Wash. 2012) ("The burden falls on the employer to show the bona fide dispute exception applies."); *Amaral v. Cintas Corp. No. 2*, 78 Cal. Rptr. 3d 572, 598 (Cal. Ct. App. 2008) ("Where essential facts necessary to proof lie within the exclusive knowledge or control of one party, 'fundamental fairness' is what justifies shifting the burden of proof to this party.") (citations omitted); *In re Raymour and Flanigan Furniture*, 405 N.J. Super. 367, 376–77, 964 A.2d 830, 836 (N.J. Super. Ct. App. Div. 2009) (establishing that the employer carries the burden, and that "[g]iven the humanitarian purpose of the Wage and Hour Law, we construe the exemption narrowly, not broadly."); *Thomas Jefferson Univ. v. Wapner*, 2006 Pa. Super. 156, 903 A.2d 565, 575 (Pa. Super. Ct. 2006) ("It is both logical and appropriate to allocate to the employer the burden of proving good faith. Certainly, the information tending to establish good faith in a WPCL matter is in the possession of the employer.").[9]

---

[9] Other cases address the issue, and reach the same result, but their holdings may be influenced by the terms of statutes different than Maryland's. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008) (holding that under the FLSA, "[t]he employer bears the burden of establishing both the subjective and objective components of [the] good faith defense against liquidated damages.") (citation omitted); *Batiansila v. Advanced Cardiovascular Sys., Inc.*, 952 F.2d 893, 897 (5th Cir. 1992) (holding that under Louisiana law "[w]e find that the burden of proof is on the defendant to show that it has an equitable defense.") (footnote omitted); *Arasimowicz v. All Panel Sys., LLC*, 948 F. Supp. 2d 211, 216 (D. Conn. 2013) ("Also, like the FLSA, the

The rules of evidence also support this burden-shifting rule. In a civil trial, the burden of production (i.e. to produce evidence) can shift from one party to another concerning a particular issue, even though the ultimate burden of persuasion remains with the plaintiff. *See* Lynn McLain, 5 *Maryland Evidence*, § 300.6 at 375–76 (3d ed. 2013); Joseph F. Murphy, Jr., *Maryland Evidence Handbook*, §§ 400–05 (4th ed. 2010). In this context, the employer is in the best position to bring forward evidence concerning its own subjective belief as part of establishing a bona fide dispute. *See Md. State Dep't of Health & Mental Hygiene v. Phoebus*, 319 Md. 710, 718, 575 A.2d 335, 339 (1990) (shifting the burden of production to the party who would have particular knowledge of a key fact). Once the employer has done so, the burden of production shifts back to the employee to rebut the employer's reason. *See id.* at 717, 575 A.2d at 338. The burden of proof, i.e., the risk of non-persuasion, however, never shifts from the party on whom it is placed. *Id.*; *see also* McLain at 376–77.

With the guidance of other jurisdictions, and based on settled evidentiary principles, it is not difficult to conclude that the employer, as the party withholding the wages, is uniquely qualified to offer evidence about its reason for doing so.

*Evidence Of Reasons EHCG Withheld Overtime Wages*

EHCG concedes that Peters was its employee and that she worked more than 40 hours per week, thus supporting "overtime" status. The only disputed issue is why EHCG

---

[Connecticut Minimum Wage Act] places the burden on the employer to prove that an employee fits within an exemption.").

10

withheld the overtime wages and whether its reason could be considered a bona fide dispute.

The record reveals the answer to this question. When asked why Peters was not paid overtime wages, Ms. Guy repeatedly answered that she withheld overtime pay because Peters exercised around the neighborhood during work hours. The trial court rejected the claim that Guy withheld pay because Peters was exercising, reasoning that it was inconsistent with the company's payment to Peters for those same hours at regular rates.[10]

Although Guy mentioned that the services provided by the company were paid for through the Medicaid program, she never testified that she believed that the federal law exempted the company from Maryland overtime requirements for that reason.[11] Nor did EHCG present any other evidence to support the argument that the company withheld overtime pay pursuant to federal Medicaid law. Put shortly, EHCG presented nothing that could sufficiently justify that its president, Ms. Guy, actually believed that federal law or

---

[10] The court explained:

> There's some dispute by the defendant that in fact Ms. Peters worked those hours during that period of time based upon her observations of Ms. Peters; however there's no dispute that the defendant paid Ms. Peters for working those hours. So[,] even though the defendant may believe that she didn't actually work those hours, she was paid for those hours, so from my perspective, it's clear that Ms. Peters did in fact work the hours that she's testified to[.]

[11] An incorrect legal belief, such as federal preemption, may form the basis of a legitimate bona fide dispute. *See, e.g.*, *Roy v. Cnty. of Lexington, South Carolina*, 141 F.3d 533, 548 (4th Cir. 1998) (holding that an employer acted in good faith where it relied on counsel's incorrect legal advice).

any other law exempted EHCG from paying Peters overtime. Without this, there was no evidence of a bona fide dispute, and EHCG did not meet its burden of production.

Without evidence of any bona fide dispute, there is no reason for the trial court to make a factual determination on the issue of bona fide dispute. We have foreclosed any such finding as a matter of law. Yet, a remand is still necessary because the record does not reveal whether the trial court considered the absence of a good faith reason for withholding overtime pay, or gave appropriate consideration to the statutory availability of an enhanced award up to treble damages. We now review the guidelines for considering such awards.

*Enhanced Damages Awards*

Appellant argues that it would be an abuse of discretion for the Circuit Court to deny her treble damages on remand from this Court. She urges that "every purpose of the WPCL's treble damages provision (punitive, deterrent, and compensatory) strongly favors awarding treble damages to Ms. Peters. And no factors weigh in favor of denying or diminishing those damages." Cautioning that without the threat of enhanced damages, employers will simply withhold wages, relying on the unlikelihood of employees bringing suit, Peters argues that "[i]f multiple damages awards are few and far between, the provision's crucial deterrent purpose will be significantly impeded." In light of these reasons, Peters urges us to adopt a similar approach to enhanced damages as we do for awarding attorneys' fees under the same provision, and hold that such damages should be granted "liberally." *See Barufaldi*, 434 Md. at 393–94, 75 A.3d at 959 ("In light of the purposes of the fee-shifting provision of the [WPCL], this Court has stated that when the

12

factfinder concludes that there was no 'bona fide dispute' as to the employer's liability, 'courts should exercise their discretion liberally in favor of awarding a reasonable fee, unless the circumstances of the particular case indicate some good reason why a fee award is inappropriate in that case.'" (quoting *Friolo I*, 373 Md. at 518, 819 A.2d at 364)). Appellant concludes that, because the facts are so one-sided in this case, it would be an abuse of discretion for the court to decline an award of enhanced damages.

Although we recognize that the WPCL is a remedial statute to be construed liberally in favor of the employee, we are not persuaded by Appellant's argument that there should be a presumption in favor of granting enhanced damages. To apply such a presumption would ignore the Legislature's use of "may" in the clause granting the fact finder discretion to make such an award. In *Admiral Mortgage*, this Court interpreted the Legislature's rejection of "shall" in a proposed bill to mean an award was discretionary, explaining:

> In its initial version, the bill that enacted § [3–507.2] provided for an automatic trebling. It was amended, however, apparently at the behest of the Maryland Chamber of Commerce and with the support of the Maryland State Bar Association, to make that penalty discretionary. That indicates to us, in line with the general discussion above, an intent by the Legislature to leave the determination in the hands of the trier of fact, which ordinarily determines both compensatory and punitive damages.

357 Md. at 551, 745 A.2d at 1035. This Court, in dictum, has indicated that the trier of fact has the discretion to decline any award of enhanced damages, notwithstanding a finding that there was no bona fide dispute. *Programmers' Consortium*, 409 Md. at 563, 976 A.2d at 299 ("[A] jury may decide not to award enhanced damages even though it is

persuaded that the wages were not withheld as a result of a bona fide dispute[.]");[12] *see also Barufaldi v. Ocean City, Md. Chamber of Commerce, Inc.*, 196 Md. App. 1, 36 n.17, 7 A.3d 643, 664 n.17 (2010) ("[T]he jury properly could find the absence of a bona fide dispute *and* decline to award additional statutory damages.") (italics in original) (citation omitted). Thus, an employee is not presumptively entitled to enhanced damages, even if the court finds that wages were withheld without a bona fide dispute.

We have not attempted in the past to set forth any guiding principles that trial courts should follow when they exercise their discretion whether and in what amount to award a plaintiff employee enhanced damages. Today, we shall be almost as circumspect. In *Barufaldi*, we considered the nature of the trial court's discretion whether to award *attorneys' fees* when there was no bona fide dispute, and decided that trial courts should exercise their discretion "liberally." One of the chief purposes for liberally awarding attorneys' fees is "given the relatively small amounts typically at issue[, attorneys' fees provide] a stronger incentive for private attorneys to undertake representation in wage cases." *Barufaldi*, 434 Md. at 392, 75 A.3d at 958. That rationale is not truly applicable to consideration of a claim for treble damages. Although attorneys may be more likely to be paid higher amounts when there are enhanced damage awards, the need for legal representation is adequately addressed by the section allowing attorneys' fees awards.

---

[12] The holding in *Programmers' Consortium, Inc. v. Clark*, 409 Md. 548, 563–64, 976 A.2d 290, 299 (2009) was that a Court could not award attorneys' fees to the employee when the jury had decided that there was a bona fide dispute about the wages due.

Thus, *Barufaldi* does not fully justify a rule that enhanced damages should be liberally awarded unless there exists a bona fide dispute as to the wages owed.

Yet the treble damages option was included in the statute for a remedial purpose— to cure what the Legislature saw as a problem with "wage theft,"[13] and practical difficulties that employees had in bringing lawsuits to recover wages owed. As we explained in *Battaglia*, the WPCL provides a greater incentive for employers to pay employees the amounts owed them, in full. 338 Md. at 364, 658 A.2d at 686. Thus, we feel confident that we are not departing from the statutory language if we simply say that trial courts are encouraged to consider the remedial purpose of the WPCL when deciding whether to award enhanced damages to employees.

### *The Calculation Of Enhanced Damages*

Peters presents arguments contending that enhanced damages must be given in addition to an award of the unpaid wage. Although, in the absence of any award, we need not reach this issue, we do so for the guidance of the trial court on remand. *See* Md. Rule 8-131(a). Peters argues that the proper interpretation of "additional damages" pursuant to LE § 3-507.2(b) is that such damages be given in addition to the recovery of unpaid wages ("quadruple damages"). She presents two main arguments in support of this claim.

First, Peters avers that because the statute separates recovery of unpaid wages in § 3-507.2(a) from treble damages in § 3-507.2(b), the statute contemplates two separate

---

[13] This is a term offered by some of the Amici, citing numerous articles that use it. We use it simply as a short-hand term referring to an apparently widespread failure to pay workers their wages due and owing.

15

awards. Peters explains that LE § 3-507.2 contains two damages provisions as opposed to the one found in § 3-507, which governs claims brought by the Commissioner. She contends that the private right of action is unlike § 3-507 because in LE § 3-507.2(b), the Legislature authorized[14] two separate awards.

Second, Peters claims we should reject the holding of the Court of Special Appeals in *Stevenson v. Branch Banking & Trust Corp.*, that "the employee's total compensatory plus punitive award may 'not exceed[] 3 times the wage[.]'" 159 Md. App. 620, 659, 861 A.2d 735, 758 (2004) (quoting LE §3-507.2(b)). Peters relies on this Court's language in addressing other WPCL claims to support her view that *Stevenson* is wrong. *See Friolo I*, 373 Md. at 508, 819 A.2d at 358 ("[T]he jury could award her *extra compensation* up to three times the amount she was entitled to receive[.]") (emphasis added); *Baltimore Harbor Charters, Ltd. v. Ayd*, 365 Md. 366, 396–97, 780 A.2d 303, 321 (2001) ("[T]he employee would be entitled to receive *additional damages* according to the provisions of [§ 3–507.2].*"). According to Appellant, *Friolo I* and *Baltimore Harbor Charters* contemplate enhanced damages differently than *Stevenson*, and therefore we should reject the calculation espoused in *Stevenson*.

---

[14] Appellant explains that the Legislature enacted this private right of action in response to a budget crisis in 1993 that left the Commissioner of Labor and Industry unable to enforce the WPCL. For this reason, the General Assembly created a private right of action (LE § 3-507.2) separate from cases the Commissioner takes on pursuant to LE § 3-507. *See* Hearings on H.B. 1006 Before the House Economic Matters Committee, Floor Report; *see also Baltimore Harbor Charters, Ltd. v. Ayd*, 365 Md. 366, 382, 780 A.2d 303, 312 (2001) ("It then became necessary for the General Assembly to revisit the Wage Act and fashion a new remedy for employees to obtain the wages owed to them by their employers." (footnote omitted)).

The Commissioner and Peters part ways on this issue. The Commissioner argues that the plain language of the statute dictates that, like the damages available in suits initiated by the Commissioner, the total damages for a private cause of action are limited to three times the unpaid wage. The Commissioner explains that the private cause of action was enacted in 1993 because severe budget cuts rendered the Commission unable to handle the high number of enforcement actions needed. *See Friolo I*, 373 Md. at 516, 819 A.2d at 363; *see also* Testimony by Senator Paula C. Hollinger on Senate Bill 274 (Sen. Fin. Comm. Feb. 4, 1993). The Commissioner quotes Senator Hollinger, lead sponsor of the 1993 legislation, who stated the new private right of action "would enable employees to collect back pay and get the *same* results as if the matter had been handled by the Commissioner of Labor and Industry." Testimony by Senator Paula C. Hollinger on Senate Bill 274 (Sen. Fin. Comm. Feb. 4, 1993). Thus, the Commissioner urges us to follow the rule from *Stevenson*.

In determining whether the WPCL contemplates a maximum award of three times the unpaid wage, or three times the unpaid wage in addition to recovering unpaid wages, we first turn to the statute. LE § 3-507.2(b) states:

> If, in an action under subsection (a) of this section, a court finds that an employer withheld the wage of an employee in violation of this subtitle and not as a result of a bona fide dispute, the court may award the employee an amount not exceeding 3 times the wage, and reasonable counsel fees and other costs.

This Court has consistently recognized these guiding principles of statutory interpretation:

17

> "We begin our analysis by first looking to the normal, plain meaning of the language of the statute, reading the statute as a whole to ensure that no word, clause, sentence or phrase is rendered surplusage, superfluous, meaningless or nugatory. If the language of the statute is clear and unambiguous, we need not look beyond the statute's provisions, and our analysis ends."

*Nichols v. Suiter*, 435 Md. 324, 339, 78 A.3d 344, 353 (2013) (quoting *Friedman v. Hannan*, 412 Md. 328, 337, 987 A.2d 60, 65–66 (2010)). Applying these principles, we first examine the plain meaning of § 3-507.2(b). Subsection (b) does not indicate anywhere that the award is in addition to the unpaid wage. Thus, it seems, Appellant asks us to force a reading of the statute that is not supported by the plain text.

In *Stevenson*, the Court of Special Appeals, finding no case that directly addressed whether § 3-507.2(b) is capped at three times the unpaid damage "explicitly adopt[ed this] construction based on a plain language interpretation of the statute." 159 Md. App. at 659, 861 A.2d at 758. Reasoning that the damage provision addressed in *Stevenson* was contained in just one clause of the Real Property section interpreted there,[15] as compared to separate clauses in § 3-507.2, Appellant argues that the *Stevenson* court's analogy was mistaken. Yet the intermediate appellate court explained the link between the two statutes, reasoning that "[b]oth statutes create a civil remedy by which wrongfully withheld money can be recovered, along with litigation expenses and a substantial penalty that serves as an incentive for the payor not to stonewall without legitimate reason." *Stevenson*, 159 Md. App. at 661, 861 A.2d at 759.

---

[15] *See* Md. Code (1974, 2010 Repl. Vol.), § 8-203(e)(4), (h)(3)(ii) of the Real Property Article.

The *Stevenson* court also distinguished a federal trademark infringement law that provided quadruple damages because the statute contained "different language authorizing a federal court to increase the compensatory damage award by **also** awarding, in addition to those damages, 'any sum **above the amount found as actual damages, not exceeding three times such amount**.'" *Id*. at 660, 861 A.2d at 758 (quoting 15 U.S.C. § 1117(a) (emphasis in original)). We find persuasive the reasoning that because there is no such language under the WPCL like "also" or "in addition to" that would clearly indicate an award of quadruple damages, the Legislature did not intend to make it so.

Appellant also argues that this Court has impliedly approved of quadruple damages under § 3-507.2(b) by describing the award as "additional damages" or "extra compensation." *See Admiral Mortgage*, 357 Md. at 541, 745 A.2d at 1030; *Friolo I*, 373 Md. at 508, 819 A.2d at 358. The question presented for our review today was not at issue in those cases, and there is nothing in the context of those words suggesting that we intended to address this issue in dictum. For this reason, we again look to other states for guidance on how they calculate damages under similar damage provisions.

Other states with analogous wage payment laws have reviewed similar language and held that a given multiple of unpaid wages is the maximum damage award when the legislature does not add conjunctive language between two damage provisions. The Supreme Court of Vermont observed a distinction in various state wage laws in holding that its wage payment law provides for a double damages award that includes unpaid wages. *Stowell v. Action Moving & Storage, Inc.*, 182 Vt. 98, 110–11, 933 A.2d 1128, 1137–38 (Vt. 2007). The *Stowell* court remarked: "when a legislature intends to provide

19

for wage-payment penalties in addition to actual damages, it does so explicitly." *Id*. at 111, 933 A.2d at 1138; *see, e.g.,* Me. Rev. Stat. Ann. tit. 26 § 626-A (2007) ("[I]n any action brought to recover unpaid wages . . . such judgment includes, **in addition to** the unpaid wages . . . an additional amount equal to twice the amount of unpaid wages as liquidated damages.") (emphasis added). On the other hand, "where a wage-payment statute does not specify whether a penalty is in addition to the amount of unpaid wages, courts typically interpret the penalty amount to include the unpaid wages." *Id*. at 111, 933 A.2d at 1138.

In passing the WPCL, the General Assembly did not expressly include any language to suggest the enhanced damage award was meant to be in addition to the unpaid wages. We are guided by our longstanding principle that "a court may neither add nor delete language so as to reflect an intent not evidenced in the plain and unambiguous language of the statute. Moreover, '[c]ourts will not engage in 'a forced or subtle interpretation [in an attempt to] extend[ ] or limit[ ] a statute's meaning.'" *Stickley v. State Farm Fire and Cas. Co.*, 431 Md. 347, 365, 65 A.3d 141, 152 (2013) (quoting *Hastings v. PNC Bank, NA*, 429 Md. 5, 36, 54 A.3d 714, 732 (2012)). If the Legislature intended to impose a treble damage award on top of the compensatory damages, we think it would have said so explicitly. The plain language of the statute dictates that the total amount of damages an employee may recover under the WPCL is three times the unpaid wage.

### CONCLUSION

For the foregoing reasons, we remand this case to the Circuit Court for Montgomery County to reconsider its decision whether to award any enhanced damages pursuant to LE

§ 3-507.2(b) in light of (i) our holding that there was no evidence of a bona fide dispute as a matter of law, and (ii) the remedial purposes of the statute.

**JUDGMENT OF THE CIRCUIT FOR MONTGOMERY COUNTY VACATED. CASE REMANDED TO THE CIRCUIT COURT OF MONTGOMERY COUNTY, PURSUANT TO MARYLAND RULE 8-604(a)(5) AND (d) FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE.**