ADKINS, J.
Most respectfully, I join the judgment, but not the Majority’s opinion. The Majority chooses to rest its opinion on the principle that, without a choice of law provision in the statute, “the choice of law doctrine lex loci contractus is not implicat *350 ed” because this claim does “not involve the validity, enforceability, interpretation, or construction of the employment contract.” Maj. Op. at 315, 107 A.3d at 1197. I think our jurisprudence would be better served by deciding this case on the more solid ground—approved by the Majority in dictum— that the MWPCL falls within the public policy exception to the applicability of lex loci contractus.
The public policy exception is soundly supported, first by the remedial terms of the MWPCL itself—including treble damages, recovery of attorneys’ fees, and an anti-waiver provision—and second, by our expansive interpretation of the statute. See Peters v. Early Healthcare Giver, Inc., 439 Md. 646, 654-55, 97 A.3d 621, 626 (2014) (concluding that employees have a right to bring a private cause of action under the MWPCL to recover unlawfully withheld overtime wages); Marshall v. Safeway Inc., 437 Md. 542, 561-62, 88 A.3d 735, 746 (2014) (concluding that employees have a right to bring a private cause of action under the MWPCL to recover unlawfully withheld wages that result from miscalculating the amount of wages exempt from garnishment); Ocean City, Md., Chamber of Commerce, Inc. v. Barufaldi, 434 Md. 381, 393-94, 75 A.3d 952, 959 (2013) (stating that courts should exercise their discretion liberally in favor of awarding employees reasonable attorneys’ fees under the MWPCL); Medex v. McCabe, 372 Md. 28, 37, 811 A.2d 297, 302-03 (2002) (concluding that incentive fees are “wages” under the MWPCL).
The MWPCL covers “any person who employs an individual in the State.” Md. Code (1991, 2008 Repl. Vol.), § 3-501 of the Labor & Employment Article. The statute’s broad terms leave no doubt that the General Assembly enacted this law with serious purpose that amounts to a firm statement of public policy. This case presents a perfect opportunity to make a clear ruling that an employee who lives and works in Maryland is entitled to the remedial benefits of the MWPCL, notwithstanding the doctrine of lex loci contractus. I would decide this case on that ground.