**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1898**

ROSS ROLEY,

       Plaintiff - Appellant,

   v.

NATIONAL PROFESSIONAL EXCHANGE, INC.; SHARON BELL,

       Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.
Theodore D. Chuang, District Judge.  (8:18-cv-00152-TDC)

Submitted:  May 21, 2021                Decided:  June 15, 2021

Before WILKINSON, MOTZ, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Markovitz, Nicholas N. Bernard, JOSEPH, GREENWALD & LAAKE, P.A.,
Greenbelt, Maryland; Olivia N. Sedwick, Francis D. Murnaghan, Jr. Appellate Advocacy
Fellow, PUBLIC JUSTICE CENTER, Baltimore, Maryland, for Appellant.  Craig F.
Ballew, Rafiq R. Gharbi, FERGUSON, SCHETELICH & BALLEW, P.A., Baltimore,
Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ross Roley appeals the district court's order granting summary judgment to Sharon Bell and denying his request for treble damages against National Professional Exchange, Inc. ("NPX"). Finding no reversible error, we affirm the district court's order.

We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

Because this case was brought under the district court's diversity jurisdiction, we must apply Maryland law as it was determined, or as we predict it would be determined, by the highest court of Maryland. *Young v. Equinor USA Onshore Props., Inc.*, 982 F.3d 201, 206 (4th Cir. 2020). "[W]here the state's highest court has spoken neither directly nor indirectly on the particular issue before us," decisions from the state's intermediate

2

appellate courts "constitute the next best indicia of what state law is, although such decisions may be disregarded if the federal court is convinced by other persuasive data that the highest court of the state would decide otherwise." *McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 964 (4th Cir. 2020) (internal quotation marks omitted).

Roley first argues that Bell should be individually liable for his unpaid wages under the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 to 3-509 (LexisNexis 2020). "The MWPCL is a statutory cause of action, the purpose of which is to provide a vehicle for employees to collect, and an incentive for employers to pay, back wages." *Cunningham v. Feinberg*, 107 A.3d 1194, 1202 (Md. 2015) (internal quotation marks omitted). As relevant here, the MWPCL provides that "each employer shall pay an employee . . . all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated." Md. Code Ann., Lab. & Empl. § 3-505(a). An employer is defined as "any person who employs an individual in the State." *Id.* § 3-501(b).

In *Campusano v. Lusitano Construction, LLC*, the Maryland Court of Special Appeals first applied the economic reality test to determine if an individual defendant is an employer under the MWPCL. 56 A.3d 303, 308 (Md. Ct. Spec. App. 2012). That court recognized that the Maryland Court of Appeals—Maryland's highest court—had applied the test under a similar law, the Maryland Wage and Hour Law. *Id.* (citing Md. Code Ann., Lab. & Empl. § 3-401(b) (LexisNexis 2020)).

Recognizing that there is "more than one incarnation of the economic reality test," the *Campusano* court held that when the putative employer has not "personally benefited from [the employee's] labor," a court should apply the "four-factor economic reality test for control." *Id.* at 309 (internal quotation marks omitted).

> The economic reality test for control examines whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

*Id.* (internal quotation marks omitted).

The court cautioned that these factors "are not to be applied mechanistically, and their general purpose must be understood as ultimately assigning *responsibility* under the law." *Id.* at 310. Thus, the court cited approvingly to additional factors that the First Circuit considers such as whether an individual has "'operational control over significant aspects of the business and an individual's ownership interest in the business.'" *Id.* (quoting *Baystate Alt. Staffing, Inc. v. Herman*, 163 F.3d 668, 678 (1st Cir. 1998)). Ultimately, the role of the court is to analyze the totality of the circumstances. *Id.* Maryland courts have continued to apply this test to determine if an individual should be personally liable for wages owed by a corporate entity. *See Pinnacle Grp., LLC v. Kelly*, 178 A.3d 581, 603-05 (Md. Ct. Spec. App. 2018). But, as the Court of Special Appeals has cautioned, "managers with no equity interest in the fruits of employee labor should not have to act as insurers of last resort, either to their employers or to the employees that they supervise." *Campusano*, 56 A.3d at 311.

4

The district court appropriately considered *Campusano* and *Pinnacle Group* in finding that Bell was not Roley's employer. Under the totality of the circumstances, Bell is more like the individual in *Campusano*, who was found not to be an employer under the MWPCL, than the defendant found to be an employer in *Pinnacle Group*. We agree with Roley that the facts of this case are unusual, but they lead us to conclude that Bell should not be considered an employer. Bell, the managing partner of NPX, a nonprofit organization, essentially acted as a middleman, allowing Roley to obtain a job at the United States Indo-Pacific Command ("PACOM"), and enabling PACOM to hire Roley without proceeding through normal government hiring processes. And Roley has not identified a single work task that he performed that benefitted NPX. This is an unusual situation, but it does not cast doubt on the district court's application of the economic reality test. Thus, the district court did not err in granting summary judgment to Bell.

Roley also argues that the district court erred in declining to award treble damages on his claim against NPX. If "a court finds that an employer withheld the wage of an employee in violation of [the MWPCL] and not as a result of a bona fide dispute, the court may award the employee an amount not exceeding 3 times the wage." Md. Code Ann., Lab. & Empl. § 3-507.2(b). NPX does not dispute that Roley is entitled to enhanced damages.

An appellate court reviews a lower court's decision regarding an award of enhanced damages under the MWPCL for an abuse of discretion. *Peters v. Early Healthcare Giver, Inc.*, 97 A.3d 621, 629 (Md. 2014). The Maryland Court of Appeals has declined to apply "a presumption in favor of granting enhanced damages." *Id.* While it has not offered

5

detailed guidance, the Maryland Court of Appeals has "encouraged [lower courts] to consider the remedial purpose of the [M]WPCL when deciding whether to award enhanced damages to employees." *Id.* at 630. And the court explained that this purpose is "to cure what the Legislature saw as a problem with wage theft, and practical difficulties that employees had in bringing lawsuits to recover wages owed." *Id.* (footnote and internal quotation marks omitted).

We conclude that the district court did not abuse its discretion in only awarding double damages. The court recognized that Roley had to engage in costly litigation in an attempt to recover his unpaid wages. While he faults the district court for focusing on the lack of malicious intent on the part of NPX, this does not amount to legal error. The Maryland Court of Appeals explained in *Peters* that it used the term wage theft "simply as a short-hand term referring to an apparently widespread failure to pay workers their wages due and owing." *Id.* at 630 n.14. *Peters* does not foreclose a lower court's consideration of intent in deciding to what extent to award enhanced damages.

Therefore, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6